[No. 2,538.]

## PECK & TURNER v. W. E. LOVETT & CO., AND THOMAS FLINT.

TESTIMONY OF ABSENT WITNESS—INSUFFICIENT ADMISSION ON MOTION FOR CONTINUANCE.—Lovett and Adams were partners, under the firm name of W. E. Lovett & Co.; Adams sold his interest to Flint, who received in part payment a promissory note signed by the firm name, and afterwards transferred it to other parties who, at maturity, sued for payment. On the trial the parties defendant moved for a continuance, to procure the attendance of Flint as a witness, and in support of the motion, an affidavit was filed stating, that if present, Flint would testify that he had nothing to do either with the execution or delivery of the note, or with the direction of the business of the firm. The plaintiffs admitted that, if present, Flint would testify that he did not sign the note nor authorize any one to sign it for him. On this the Court denied the motion for a continuance, and proceeding with the trial found, that as the note had been signed by Lovett in the firm name, in the presence of Flint, the latter held himself out to the world, by the transaction, as a partner. *Held:* first, that the testimony of Flint, as stated in the affidavit, was competent and material upon the question involved in the finding; second, that the admission of the plaintiffs was not broad enough to cover all the material facts to which defendants expected Flint would testify.

CAL. REPS. XLI—66

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The defendant Lovett and N. C. Adams were partners in a stage line from San José to Los Angeles, under the firm name of W. E. Lovett & Co. In 1867, Adams sold his interest in the business, with the consent of his partner, to defendant Flint, and received in part payment a promissory note from Lovett & Co., payable twelve months from date. Before the maturity of the note Adams indorsed it to the plaintiffs. When presented at maturity it was not paid, but was protested, and in October, 1869, this action was brought to enforce payment of it. The motion for continuance, to procure the attendance of an absent witness, supported by the affidavit noticed in the opinion of this Court, being overruled, the case was tried by the Court and a judgment rendered against defendants Flint and Lovett. Defendant Flint moved for a new trial, and the motion being denied, he appealed.

The other facts are stated in the opinion.

*D. S. Gregory*, for Appellant.

The plaintiffs at the trial admitted that the appellant Thomas Flint, if placed on the stand, would state that "he did not sign the note" in question, or authorize it to be signed by any one for him; but this admission did not embrace the matter to which the appellant was expected to testify. The affidavit of Bixby states that just upon the eve of the trial it was discovered that Adams could give testimony, not that Flint signed the note or authorized it to be signed, but that he negotiated the said note and delivered the same to the payee, and that Thomas Flint was the only person who could contradict this statement, and which the affiant stated was false. The affiant further declared that it was believed by affiant that Flint would testify, if an oppor-

tunity to examine him could be had, "that he had naught to do with" nor "was he concerned" in the execution "or delivery of the note."

Accordingly, the Court found, on the testimony of Adams, that Flint delivered the note to the plaintiff, and " by this testimony," held himself out to the world as Lovett's partner—showing how material to the issue the Court below regarded the testimony which Flint was not permitted to deny.

*Bodley & Rankin,* for Respondents.

There was no error in the Court by the refusal to continue the cause, especially so when plaintiffs admitted that the witness Flint (also one of the defendants), " would testify that he did not sign the note, in the complaint mentioned, or authorize the same to be signed by any one for him." It was a matter for the sound discretion of the Court—which will not be reviewed by this Court, except in cases of gross abuse, to the injury of the party. (*Smith* v. *Billett,* 15 Cal. 23.)

It is true that issue was only joined on the 4th and the trial had on the 6th day of October, 1869—but it is equally true that the amended complaint was filed November 2d, 1868; that personal service was had on Benjamin Flint, the admitted partner of appellant, on the 31st of December, 1868; that service on appellant was had by publication— which was commenced on April 24th, 1869—and defendant had from that time until the sixth of October to have been personally present at the trial, or to have had his deposition taken.

By the Court, RHODES, C. J.:

It is not now contended that Thomas Flint was, in truth, a member of the firm of W. E. Lovett & Co., but it was

found by the Court that the promissory note was signed by Lovett in the firm name, in the presence of Flint, and that he and Lovett delivered it to Adams, the payee, in part payment for his interest in the partnership property, which was then sold by him to Flint; and it was also found that Flint held "himself out to the world as a partner of the defendant Lovett, by the transaction aforesaid." In the affidavit which was filed in support of the motion for a continuance of the cause, it is stated that Thomas Flint, if present, would testify "that he had naught to do with and was wholly unconnected with either the execution or delivery of the promissory note, or with the direction of the business of the said firm of W. E. Lovett & Co." On the hearing of the motion, the plaintiffs admitted that Flint, if present as a witness, would testify "that he did not sign the note, in the complaint mentioned, or authorize the same to be signed by any one for him;" and thereupon the Court denied the motion for a continuance. The testimony of Flint, as stated in the affidavit above alluded to, was competent and material upon the question involved in the finding last above mentioned, as that finding was based upon the alleged participation of Flint in the transaction, in which the note was made and delivered. The admission of the plaintiffs did not extend to all the matters which the defendants expected to prove by Flint. They did not admit that he would testify that he was unconnected with the delivery of the note or with the direction of the business of the firm. The admission was not broad enough to cover all the facts, to which the defendants expected that Flint, if present at the trial, would testify, and the continuance should have been granted.

Judgment and order reversed and cause remanded for a new trial.