## WHITE SEWING MACH. CO. v. SIMPSON et al.

It is error to refuse a continuance on account of an absent witness, where the affidavit is sufficient, though the movant is permitted to read the transcript of the evidence of such witness as taken at a former trial, where the respondent does not admit that the witness would testify to certain material matters recited in the affidavit, and not contained in the transcript.

(Opinion filed Feb. 2, 1898.)

Action upon a bond. Plaintiff had judgment, and certain defendants appeal. Reversed.

The facts are stated in the opinion.

*D. C.* and *W. R. Thomas* and *John W. Hopkins,* for appellants.

It was error to deny the motion for a continuance. Stone v. Railroad, 3 S. D. 330; 4 Encyc. Pl. & Pr. 866; Gaines v. White, 1 S. D. 434; Blaine v. Poyer, 60 N. W. 865; McNeally v. State, 36 Pac. 824; Peck v. Lovett, 41 Cal. 521; Hopkinson v. Jones, 28 Ill. App. 409.

*A. B. Kittredge,* for respondent.

The proposed evidence was immaterial, and the motion was therefore properly denied. Bank v. Chester, 55 Cal. 49; Bloom v. Hazzard, 37 Pac. 1037. The granting or refusing of the motion rested in the discretion of the trial court, and when it exercises a reasonable and not an arbitrary discretion, its action will not be disturbed. Gaines v. White, 1 S. D. 434; Peck v. Parchen, 2 N. W. 597; Lavery v. Crooke, 9 N. W. 599.

FULLER, J. This action, against the defendant Simpson, as principal, and his co-defendants, as sureties, on a certain bond, by which, it is alleged, they became obligated in the sum of $2,000, was tried to a jury, resulting in a judgment for plaintiff, from which, and an order overruling a motion for a new trial, the defendants Williams and Thomas appeal.

On account of an absent witness, when the cause was reached for trial appellants moved for a continuance upon an

affidavit found in effect by the court to be meritorious and suf-
ficient, both as to form and substance, but which was substan-
tially denied; and this ruling thereon was made the basis for
the only assignment of error that requires attention.    Upon the
showing made, the court ordered ''that the defendants Selleck,
Williams, and Thomas be granted the continuance unless the
plaintiff will admit that the transcript of the evidence of said
absent Simpson, as taken by the reporter at the former trial of
this cause, may be read at this trial."    Respondent readily con-
sented to the reading of the transcript as above indicated, and
the motion for a continuance was overruled, to all of which
appellants saved an exception.    The affidavit recited numerous
material matters not contained in the transcript, concerning
which the witness had not been interrogated at the former
trial, and which the court, by granting a continuance condition-
ally, must have regarded as facts within the issues presented
by the pleadings, and of which appellants were deprived by an
order permitting their adversary to determine, not only wheth-
er a continuance should be granted, but to arbitrarily exclude
evidence upon which appellants measurably relied, and to de-
termine for them, in advance, just what should be submitted
therefor.    After finding the motion meritorious, and based
upon substantial ground, appellants were entitled to a continu-
ance, as a matter of right, unless respondent expressed a wil-
lingness to admit that the absent witness would, if present,
testify as stated in the affidavit for a continuance.    4 Enc. Pl.
& Prac. 866, and the author's supporting citations.    In Peck v.
Lovett, 41 Cal. 521, the case was reversed because the admis-
sion of plaintiff upon which a motion for a continuance was
overruled did not cover all the material facts to which, accord-
ing to his affidavit, the defendant expected the absent witness,
if present, to testify.    The judgment appealed from herein is
reversed, and the case remanded for a new trial.

Rehearing denied, March 16, 1898.