# EPHRAIM P. ELLISON, Appellant, v. J. G. M. BARNES, Respondent.

ELECTIONS—QUALIFICATIONS AND ELECTIONS OF MEMBERS OF LEGISLA-
TURE—JUDGES OF—COURTS HAVE NO JURISDICTION—ART. 6, SEC. 10,
CONST.—FRUITLESS TRIAL—COURT WILL NOT ASSUME JURISDICTION.

1. ELECTIONS: QUALIFICATIONS AND ELECTIONS OF MEMBERS OF LEGIS-
LATURE: JUDGES OF: COURTS HAVE NO JURISDICTION: ARTICLE 6, SEC-
TION 10, CONSTITUTION.  The provisions of article 6, section 10, Con-
stitution, making each house of the Legislature the judge of the elec-
tion and qualification of its members, is an exclusive grant of power
to each house forbidden to be exercised by article 5, section 1, by
any person in the exercise of powers belonging to a different depart-
ment of the government, and the courts have no jurisdiction to try
and determine contests for seats in the Legislature.[1]

2. Under proper proceedings courts may determine all matters pertain-
ing to the conduct of elections and the returns thereof, including the
issuance of a certificate of election of a candidate elected to the of-
fice of legislator who has received a majority of legal votes, but
through fraud has been deprived of the certificate showing his prima
facie right to the office.

3. FRUITLESS TRIAL: COURT WILL NOT ASSUME JURISDICTION.  Where
the trial by a court of an election contest would be a vain and fruit-
less proceeding, and another trial by the State Senate would be nec-
essary to determine the rights of parties, the court will not assume
jurisdiction for any purpose.

Decided January 10, 1901.

Appeal from the Second District Court, Davis County.—*Hon.
H. H. Rolapp,* Judge.

---

[1]See Kimball v. Grantsville City, 19 Utah 368.

Action under the provisions of chapter 9, page 282, Revised Statutes 1898, by which the plaintiff and appellant contests the election of respondent to the office of State senator. From a judgment for defendant plaintiff appealed.

AFFIRMED.

Messrs. *Pierce, Critchlow & Barrette* for contestant; *P. L. Williams, Esq.,* and *D. H. Wenger, Esq.,* of counsel.

Messrs. *Rawlins, Thurman, Hurd & Wedgewood* for respondent; *J. H. Moyle, Esq.,* and *O. W. Powers, Esq.,* of counsel.

BASKIN, J.—This is an action contesting, under the provisions of chapter 9, page 282, Revised Statutes 1898, the election of the respondent to the office of State Senator. A demurrer to the complaint was sustained on the ground that the court below had no jurisdiction to try and determine the same. Upon the demurrer being sustained the appellant rested, and judgment, dismissing the action, was rendered. The only question, therefore, presented is whether the court below had jurisdiction.

Section 914 of said chapter, provides that "The election of any person to any public office * * * may be contested * * * on the grounds therein stated." Section 917 provides that the contestant "must within forty days after the return day of the election, file with the clerk of the district court of the county within or for which such office is to be exercised, a written statement, setting forth specifically," the requirements therein mentioned among which are the grounds of such contest. The appellant complied with all the requirements of said section.

It appears that both the appellant and respondent were

regularly nominated candidates for the office of State Senator in the Third Senatorial District and were voted for at the late general election.   Upon the canvass of the votes by the canvassing board, the board determined that the respondent had received one more vote than the appellant and issued to the respondent a certificate of election.   The appellant alleged that seven illegal votes were cast and counted for the respondent, and that certain legal votes cast for the appellant were rejected, and that a correct canvass of the votes would show that he was elected.

Section 925 of said chapter provides that "If in any such case it appears that a person other than the one returned has the highest number of legal votes, the court must declare such person elected."

The canvassing board were not made parties to this action, and it is not sought to have a re-canvass of the votes, but the only relief sought is a declaration by the court, as provided under the last section referred to, that the appellant has been elected.   Such a declaration if made would be of no avail to the appellant, nor could any judgment rendered in the case in favor of the appellant be enforced because under the provisions of the constitution, the State Senate has the exclusive jurisdiction to determine which of the parties were elected and entitled to a seat in that body.

Article 6, section 10, Constitution, provides that "Each house shall be the judge of the election and qualifications of its members."   Article 5, section 1, provides that "The powers of the government of the State of Utah shall be divided into three distinct departments, the legislative, the executive and the judicial; and no person charged with the exercise of powers properly belonging to one of these departments, shall exercise any functions appertaining to either of the others, except in the cases herein expressly directed or permitted."

Article 1, section 26, provides that "The provisions of the Constitution are *mandatory* and *prohibitory*, unless by express words they are declared otherwise." The powers conferred upon each house of the legislature under section 10, article 6 are forbidden to be exercised, by article 5, section 1, by any person in the exercise of powers belonging to a different department of the government. Neither is it any where declared in the constitution that the power conferred upon each house to judge of the election and the qualifications of its members, is otherwise than prohibitory in respect to the other departments. Chief Justice BARTCH, in the opinion in the case of Kimball v. Grantsville City, 19 Utah 368, said: "The apportionment of distinct power to one department of itself implies an inhibition against its exercise by either of the other departments." It therefore follows that that power is exclusively lodged in each house of the legislature, and the courts have no jurisdiction to try and determine contests for seats in the legislature.

It is conceded by counsel for the appellant that any decision which the court may make in this case, would not bind the Senate, but that it would still possess the right to try and finally determine which of the parties was elected and should be seated. Therefore a trial and determination by the court would not settle the rights of either of the parties, but another trial by the Senate would be necessary to accomplish that end. A trial and determination of such cases by the court would be a vain and fruitless proceeding.

Chapter 9 of the Election Law, page 282, Revised Statutes, does not, as claimed by the appellant, warrant the contest in question.

In the case of the State v. Gilmore, 20 Kan. 551, the court says: "An act which purported to grant to the district court power to remove from office, must be construed as not embracing

members of the legislature; or if the language specifically names, or necessarily includes them, then as to them the act is unconstitutional."

Under constitutions containing provisions similar to article 6, section 10 of our Constitution, the views hereinbefore expressed are fully sustained by the authorities.

The following is a quotation from the opinion of the court in the case of Dalton, Clerk v. The State, 43 Ohio St. 652, 680: "The jurisdiction of each house to decide upon the elections, returns and qualification of its own members is supreme and exclusive. Cooley's Con. Lim. 133; State v. Jarett, 17 Md. 309; People v. Mahaney, 13 Mich. 481. No court of the State has, nor is it possible under our present constitution, to clothe any court of the State with the power to decide upon the validity of the returns of the election of any candidate for either house, or to decide him elected or defeated."

It was held in the case of the People v. Mahaney, in an opinion delivered by Judge Cooley, 13 Mich. 481, that the constitution (of Mich.) providing that each house shall judge of the qualifications, elections and returns of its members, confers upon each house powers of a judicial nature, in the exercise of which its decision is conclusive, and not subject to review by the courts; and in his Constitutional Limitations, page 207, he says that "When only the legislative power is delegated to one department, and the judicial to another, it is not important that the one should be expressly forbidden to try causes, or the other to make laws. The assumption of judicial power by the legislature in such a case is unconstitutional, because, though not expressly forbidden, it is nevertheless inconsistent with the provisions which have conferred upon another department the power the legislature is seeking to exercise. And for similar reasons a legislative act which should undertake to make a judge the arbiter in his own controversies would be void, because,

though in form a provision for the exercise of judicial power, in substance it would be the creation of an arbitrary and irresponsible authority, neither legislative, executive, nor judicial, and wholly unknown to constitutional government;" and on page 168, he says that "In determining questions concerning contested seats, the house will exercise judicial power, but generally in accordance with a course of practice which has sprung from precedents in similar cases, and no other authority is at liberty to interfere;" and on page 192, he says: "The legislative and judicial are co-ordinate departments of the government, of equal dignity; each is alike supreme in the exercise of its proper functions, and can not directly or indirectly, while acting within the limits of its authority, be subjected to the control or supervision of the other, without an unwarrantable assumption by that other of power which, by the constitution, is not conferred upon it." Wheeler v. Board of Canvassers, 94 Mich. 448.

It is held in the case of Bingham v. Jewett, 66 N. H. 382, that "the power of the 'judge of returns' which the constitution has vested in the house, can not be transferred to the court by the house or the legislature."

In the case of the People v. Metzker, 47 Cal. 524, the court said: "The eighth section of article 4 of the Constitution, relating to the legislative department of the State Government, is as follows: 'Each house shall choose its own officers, and judge of the qualifications, elections, and returns of its own members.' The words of the Constitution and of the statute being identical, should receive the same construction. It is settled beyond controversy, that those words of the Constitution confer upon each house the exclusive power to judge of and determine the qualifications, elections, and returns of its own members; and it follows that the common council of a city to which that section of the act is applicable, possesses the like ex-

clusive authority to judge of and determine the qualifications, elections, and returns of its own members."

In section 972, Paine on the Law of Elections, it is stated that: "The jurisdiction of the house of representatives, in contested election cases, does not depend upon the presence, or absence, of any of the requisites prescribed by the statute for the notice of contest. No statutory provision can impair, or enlarge, the jurisdiction of the house in such cases. In this regard the house is above all statute law. It stands upon the constitution itself. No act of Congress can add to, subtract from, or modify that jurisdiction. From the foundation of the government it has exercised the jurisdiction under the federal constitution. It exercised the jurisdiction on the petition of a claimant of the contested seat, or of citizens not claimants, long before any statute providing for a notice of contest was enacted. Each house of representatives, during its entire term, has an absolute and indefeasible right to judge of the elections, returns, and qualifications of its members, not only of those who occupy contested seats, but of all its members, without exception." And in section 811, it is stated that "The constitutional provision that contested elections, for the office of governor, shall be determined by both houses of the general assembly, in such manner as is, or may hereafter be, prescribed by law, constitutes the general assembly a judicial tribunal, with the exclusive jurisdiction of such contests." And in section 811, it is said: "The power to adjudicate contested election cases, in any or all departments, is to be exercised by that tribunal on which it is conferred by the constitution." 1 Kent's Comm. 235; Story on the Const., secs. 832, 833; Black's Const. Law, sec. 102, p. 263.

In the case of The People v. Hall, 80 N. Y. 117-122, it is aptly stated that "Though the constitution confers upon specified courts general judicial powers, there are certain powers of a judicial nature which, by the express terms of the same instru-

ment, are given to the legislative body, and among them this which we are considering. All powers are then in the hold of the people. They are about to distribute these powers among the bodies which they at the same time create. When it is said, on such occasion, to either house of the legislature, 'You are to be the judge of the election of the members to your body,' there is a specific conferment of this particular power; and when it is said, at the same time, to the judicial body, 'You are to have general jurisdiction in law and equity,' though the conferment of power is general, there is, by force of the concurrent action, excepted from the general grant, the specific authority definitely bestowed with the same breath upon another body. In such case it may well be, that a form of words in the instrument, that clearly makes a gift of judicial power to one co-ordinate body, should be construed as reserving the particular power thus bestowed, from the general conferment of judicial power by the same instrument, at the same time, upon another co-ordinate body. The power thus given to the houses of the legislature is a judicial power, in a particular case so closely and vitally affecting the body to whom that power is given, takes it out of the general judicial power, which is at the same time, in pursuance of a general plan that has regard in each part to every other part, bestowed upon another body; both bodies being contemporaneous in origin, and equal in dignity, degree and proposed duration."

The Senate, under the provisions of the Constitution, has the exclusive jurisdiction to try, determine and declare which of the parties to this action has been legally elected.

It is ordered that the judgment of the court below be affirmed at appellant's costs.

MINER, C. J., and BARTCH, J., concurring in the judgment.

It appears from the face of the petition herein that this action was brought to try the right of the petitioner to hold the office of State Senator, and not for the purpose of determining to whom the certificate of election should be issued by the board of canvassers. We, therefore, concur in the judgment on the ground that the courts are not the proper tribunals to determine the title to the office of a member of the legislature, although, in our opinion, the courts, where proper proceedings are instituted against proper parties, have jurisdiction to determine all matters pertaining to the conduct of elections, and to the returns thereof, including the issuance of a certificate of election to every person, candidate for office of legislator as well as for any other office, who, at any election, has received a majority of the legal votes cast for such office, and who has, through fraud or other improper or unlawful means, been deprived of a certificate of election, showing his prima facie right to the office.

It will be noticed that our constitutional provision, in section 10, article 6, differs from those of other state constitutions, referred to, in that the word "returns" is omitted. See citations of Mr. Justice BASKIN in his opinion. O'Ferrall v. Colby, 2 Minn. 180; People ex rel. Fuller v. Hilliard, 29 Ill. 413; Rosenthal v. State Board, 32 Pac. Rep. 129.