ATTORNEY GENERAL, *ex rel.* BEERS, *v.* BOARD OF CAN-VASSERS OF SEVENTH SENATORIAL DISTRICT.

1. ELECTIONS—BOARD OF CANVASSERS—JURISDICTION—QUALIFICA-TIONS OF CANDIDATES.

In canvassing the votes cast for a State senator, the board of district canvassers created by sections 3684 et seq., 1 Comp. Laws, has no jurisdiction to determine whether a candidate was ineligible under section 6, article 4, of the Constitution, because holding the office of prosecuting attorney, and re-ject votes cast for such ineligible candidate.

2. STATE SENATE—QUALIFICATIONS — DETERMINATION — COURTS — JURISDICTION.

Under section 9, article 4, of the Constitution, the Senate is the sole judge of the qualifications of its members, and this court has no jurisdiction to determine a basis for its decision or to review it when made.

Mandamus by John E. Bird, attorney general, on the relation of John S. Beers, to compel the board of canvass-ers of the seventh senatorial district to recanvass a vote. Submitted December 3, 1908. (Calendar No. 23,171½.) Application denied December 3, 1908.

*John E. Bird* (*Charles W. McGill* and *James O'Hara*, of counsel), in pro. per.

PER CURIAM. At the recent general election Charles E. White, John S. Beers, John W. Taylor, and Lloyd East were candidates for election to the office of State senator for the seventh senatorial district, comprising the counties of Cass and Berrien. Of the votes cast at the election for the office of State senator, Mr. White received 10,506; Mr. Beers, 6,971; Mr. Taylor, 384; and Mr. East, 377. The said board of canvassers having convened to canvass the vote for said office, in accordance with the provisions of the statute (1 Comp. Laws, § 3684 et seq.), the relator, John S. Beers, presented to and filed with the board his petition, setting forth, among other things, that at the time of the general election and for upwards of three years and ten months prior thereto, and at the time of filing the petition, the said White had been and was prosecuting attorney of the said county of Berrien, and was therefore, under section 6 of article 4 of the State Constitution, ineligible to the office of State senator, and all votes cast for him were void; that in the early part of August, 1908, an opinion of the attorney general to the effect that said White was ineligible was published in various newspapers in the district, and such ineligibility was understood by all intelligent voters; that said Beers had received a majority of the valid votes cast for said office at said election.

"Your petitioner therefore prays that your honorable body reject all votes cast for the said Charles E. White for said office of State senator, the same being void under the Constitution, and that your honorable body determine that your petitioner was elected to said office of State senator," etc.

The board ignored and denied the prayer of said petition and certified to the election of said White.

The petition filed in this court prays for the writ of mandamus, commanding said board:

" (*a*) To reconvene at the office of the clerk of the county of Berrien and recanvass the votes cast for State senator in said district, and in the recanvass of said votes to treat all votes cast for the said Charles E. White as void.

" (*b*) That said board of district canvassers of the said Seventh senatorial district of the state of Michigan be directed to issue a certificate of election in accordance with section 3689 of the Compiled Laws to such person as this honorable court may determine as being lawfully entitled thereto.

" (*c*) That such other and further order may be made in the premises as to this honorable court may seem meet."

We are of the opinion that the board of canvassers properly refused to consider the relator's petition, for the reason that the question thereby presented for their consideration was not within the jurisdiction of the board to determine. *Bradley* v. *Board of State Canvassers*, 154 Mich. 274. We are also of the opinion that this court has no jurisdiction in the premises. Section 9 of article 4 of the State Constitution has made the State senate the sole judge of the "qualifications, elections and returns of its members." This court can neither determine a basis for its decision nor review it when made. *Wheeler* v. *Board of Canvassers of Manistee Co.*, 94 Mich. 448; *Vance* v. *Board of Canvassers of St. Clair Co.*, 95 Mich. 462.

The application is denied.