STATE EX REL. JULIA M. ALEXANDER v. EDGAR W. PHARR.

(Filed 5 May, 1920.)

**Constitutional Law— Quo Warranto— Statutes— Legislative Powers— Courts—Title—General Assembly.**

The Constitution of our State withdraws from the consideration of our courts the question of title involved in a contest for a seat in the General Assembly, (Art. II, sec. 22), and an action of. *quo warranto* will not lie under our statute. Rev., sec. 827, 828 (Consolidated Statutes, secs. 473, 474).

CLARK, C. J., not sitting.

CIVIL ACTION, transferred by the clerk of MECKLENBURG to *Harding, J.,* as upon demurrer.

This is an action of *quo warranto.*

The plaintiff states the case in her brief as follows: "This is a civil action of *quo warranto,* instituted by Julia M. Alexander, by leave of the Attorney General of North Carolina, under secs. 827 and 828, Revisal 1905 (secs. 473 and 474, Consolidated Statutes), and brought by the plaintiff to test the validity of the title of the defendant, Edgar W. Pharr, to the office of member of the House of Representatives of General Assembly of North Carolina, and to inquire into and determine the right of the defendant to hold said office."

There was judgment in favor of the defendant, and the plaintiff appealed.

*Julia M. Alexander for plaintiff.*

*James A. Bell, Plummer Stewart, and Thaddeus A. Adams for defendant.*

PER CURIAM. This Court is without jurisdiction, because the action is to try the title to a seat in the General Assembly of North Carolina, and the Constitution of the State (Art. II, sec. 22) provides "Each House (of the General Assembly) shall be judge of the qualifications and elections of its own members," thereby withdrawing the inquiry from the consideration of the courts.

This is the construction given to a similar section of the Constitution of the United States in *Britt v. Board of Canvassers,* 172 N. C., 797.

Affirmed.

CLARK, C. J., did not sit.