Argued January 6; reversed January 7, 1937

# LESSARD *v.* SNELL
### (63 P. (2d) 893)

In Banc.

*Elton Watkins,* of Portland (Chas. W. Robinson, John W. Kaste, and Leland F. Hess, all of Portland, on the brief), for appellant.

*Ralph E. Moody,* Assistant Attorney General (I. H. Van Winkle, Attorney General, on the brief), for respondent.

BELT, J.  This is a suit to enjoin the secretary of state from notifying the members of the Board of County Commissioners of Multnomah county that a vacancy exists in the office of state senator for the thirteenth senatorial district of this state and directing such county commissioners to appoint a person to fill said office.  The trial court sustained a general demurrer to the complaint and, upon refusal of the plaintiff further to plead, dismissed the suit.  Hence this appeal.

■ It appears from the complaint—the material allegations of which are admitted on demurrer—that the plaintiff Dellmore Lessard on the 6th day of November, 1934, was elected to the office of state senator for the thirteenth senatorial district; that a certificate of election was duly issued to him by the Governor of the state of Oregon; and that at all times since the said plaintiff has been the "duly elected, qualified, and acting" state senator for said senatorial district.  It also appears from the complaint that plaintiff, who is an attorney at law, was, on the 27th day of September, 1934, duly commissioned as a notary public for a period of four years from said date of appointment. It is also alleged that, on the 19th day of March, 1935, plaintiff was appointed by the World War Veterans' State Aid Commission to act as an additional attorney

in Multnomah county for the purpose of examining abstracts of title for applicants applying to the commission for loans, and to foreclose mortgages when and if directed to do so by said veterans' commission. Plaintiff received for such legal services the sum of $10 for examination of each abstract of title and the sum of $50 for acting in mortgage foreclosure proceedings.

Plaintiff further alleges that the defendant, Earl Snell, as secretary of state, contends that, under section 10, article 2, of the Constitution of this state, plaintiff is ineligible to serve in the thirty-ninth legislative assembly as state senator for the reason that plaintiff is holding a lucrative office under appointment and that, unless restrained, the defendant secretary of state will declare vacant the office to which plaintiff has been elected and will, in accordance with the provisions of chapter 190, Laws of Oregon for 1935, notify the county commissioners of Multnomah county of such vacancy and direct them to appoint a successor.

In the prayer of the complaint, this court is asked to decree: (1) That plaintiff is the duly qualified, elected, and acting state senator for the thirteenth senatorial district and is entitled to his seat in the thirty-ninth legislative assembly; (2) that the offices of notary public, attorney at law, and "resident attorney" for the World War Veterans' State Aid Commission are not public offices or appointments within the meaning of the Oregon constitution; (3) that the secretary of state be enjoined from acting as above alleged.

At the very threshold of this case we are confronted with the plain and explicit provision of section 11 of article IV of the Oregon constitution that "Each

house, when assembled, shall * * * judge of the election, qualifications, and returns of its own members * * *''. In view of this constitutional power vested in the legislature, it is clear that this court has no jurisdiction to determine the qualifications of the plaintiff as state senator. That is a matter which rests in the sole and exclusive jurisdiction of the state senate. It would, indeed, be a vain and idle thing for this court to render a decree which it has no power to enforce. More important, to pass upon the eligibility of, plaintiff to the office of state senator would be an encroachment upon the constitutional prerogatives of a co-ordinate branch of the government. It would be wholly foreign to our constitutional system of government for the executive or judicial department to determine a matter expressly reserved for the legislature. There is no principle more fundamental than that the three branches of the government—the legislative, the executive, and the judicial—are co-ordinate and independent. Neither can interfere with the duties or functions of the other without striking a blow at the foundation of the government itself.

It must be obvious that any decision which this court might make in determining the eligibility of the plaintiff would have no force or effect for the simple reason that it has no jurisdiction over such subject matter. We apprehend there is no case in the books—certainly none has been cited—where any court has ever ousted a member of a legislature or directed such co-ordinate branch of the government to accept any person as one of its members. If such power were vested in the courts, the danger would be obvious. In support of the conclusion that each legislative body is the sole judge of the ''election, qualifications, and returns'' of its own members, see: *State ex rel. Alexander*

*v. Pharr,* 179 N. C. 699 (103 S. E. 8) ; Opinion of the Justices, 56 N. H. 570; *Ellison v. Barnes,* 23 Utah 183 (63 P. 899) ; *State v. Tomlinson,* 20 Kans. 692; *Dinan v. Swig,* 223 Mass. 516 (112 N. E. 91) ; *Attorney General ex rel. v. Board of Canvassers,* 155 Mich. 44 (118 N. W. 584) ; *State ex rel. v. Corley* (Del.), 172 Atl. 415; 12 C. J. 885. As stated by the court in *Ellison v. Barnes,* supra:

"It is conceded by counsel for the appellant that any decision which the court may make in this case, would not bind the Senate, but that it would still possess the right to try and finally determine which of the parties was elected and should be seated. Therefore a trial and determination by the court would not settle the rights of either of the parties, but another trial by the Senate would be necessary to accomplish that end. A trial and determination of such cases by the court would be a vain and fruitless proceeding."

In *State v. Corley,* supra, the court, in passing on a question involving the eligibility of a member of the legislature, said:

"They [the courts] have no jurisdiction for the reason that another and different tribunal possesses the sole jurisdiction, that is, the senate or the house as the case may be, under that provision of the Constitution which gives to each house of the legislature the right, power and authority to judge of the elections, returns and qualifications of its own members. This is necessarily so, for the power and authority must reside somewhere, the departments of government must be separate and distinct, free and independent, and, while the courts will jealously guard its powers and jurisdictions, they will be careful not to infringe upon the powers, prerogatives and jurisdictions of the legislative department."

■ Having established to our satisfaction that this court has no jurisdiction over the matter of determin-

ing the eligibility of the plaintiff, we must next inquire: What authority has the secretary of state—an executive officer—to determine such matter? With all deference to the opinion of the attorney-general—pursuant to which the secretary of state acted—we think such administrative officer has no authority to pass upon the eligibility of a member of the legislature. Certainly if the court has no such power, the secretary of state has not.

■ We are not unmindful of chapter 190, Oregon Laws for 1935, which makes it the duty of the secretary of state, when a vacancy occurs "due to death or other disability" to notify the county commissioners of such vacancy. The pertinent inquiry, however, is: Who is to determine when such "other disability" exists? Certainly not the secretary of state. If it be urged that the statute purports to authorize the secretary of state to make such determination, then we answer that, under such construction, there would be an unlawful delegation of legislative authority to an administrative officer. It is our opinion, however, that the legislature did not intend by such act to surrender or abdicate its power to judge the qualifications of its own members. When a vacancy occurs by death, resignation, or "other disability" as determined by the legislative branch of the government, it is then, and not until then, the duty of the secretary of state to act under the provisions of the statute.

Having no jurisdiction to determine the eligibility of the plaintiff to hold the office of state senator, we express no opinion as to whether a notary public or an attorney acting for the veterans' commission holds a lucrative office within the meaning of the constitution.

■ Since, under the admitted allegations of the complaint, the secretary of state threatens to declare a vacancy and to direct the county commissioners of Multnomah county to appoint some person to fill such vacancy, it is an unauthorized interference with the function of the state senate to determine the eligibility of the plaintiff to serve as state senator, and is a proper case for equitable relief.

It follows that the decree of the lower court, dismissing the suit for injunction, is reversed and a decree will be entered by this court enjoining the secretary of state as prayed for in the complaint.

Neither party will recover costs and disbursements.