### DANIEL v. BOUND.

No. 28989.   Dec. 15, 1938.

Rehearing Denied Dec. 28, 1938.

162

Carmon C. Harris, for petitioner.

Ed Anderson and Guy Green, for respondent.

GIBSON, J. This is an appeal from the order of the State Election Board dismissing the petition of plaintiff in error for a recount of the ballots cast for the office of State Representative at the general election of 1938 wherein the parties hereto were the candidates (section 5813, O. S. 1931, 26 Okla. Stat. Ann. sec. 392).

Defendant in error has filed his motion to dismiss the appeal. He asserts that the proceeding before the election board constituted an attempt to contest said election, and is a matter wholly within the jurisdiction of the House of Representatives of the State Legislature (section 30, art. 5, Const.).

Said section 30 provides that each House of the Legislature "shall be the judge of the elections, returns, and qualifications of its own members." This court has not heretofore construed this section in connection with general elections, but the universal rule is that neither the election board nor the courts may interfere with or assume jurisdiction of such contests in the face of like constitutional provisions. 20 C. J. 214, sec. 272. Were we to entertain the appeal and grant the relief sought, our decision would be in direct conflict with said section 30. It would constitute a mandate to the election board to assume jurisdiction and hear and determine a challenge of the correctness of the election. This the board is without power to do. Only the House of Representatives may examine into the correctness of the ballots. See State v. Tomlinson, 20 Kan. 692; Alexander v. Pharr (N. C.) 103 S. E. 8.

We hold, therefore, that a challenge of the correctness of the returns of an election constitutes a challenge of the title to the office, and that by reason of section 30, art. 5, Const., the House of Representatives has exclusive jurisdiction in such cases affecting candidates for membership therein, and neither the State Election Board nor the courts may interfere in such matters.

Plaintiff in error also asks in this proceeding that this court enjoin the election board from issuing certificate of election to defendant in error.

Assuming that an appealing contestant in the ordinary case may properly seek such relief, we are without power to restrain the issuance of the certificate in the instant case. The House is the exclusive judge of the election returns, and we may not say that a candidate who, upon the face of the returns, is entitled to the certificate, shall be denied the same. Whether his certificate shall be recognized is a matter wholly within the province of the House of Representatives. Since the decisions of this court may in no manner affect the title to the office, the appeal is not well taken. See Burchell v. State Board of Election Commissioners, 252 Ky. 823; Keogh v. Horner, 8 Fed. Supp. (D. C.) 933.

The appeal is dismissed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, HURST, DAVISON, and DANNER, JJ., concur.