Argued March 4, affirmed July 22, petition for rehearing
denied September 9, 1970

COMBS ET AL, *Contestants-Appellants, v.*
GROENER, *Contestee-Respondent.*

472 P2d 281

*Donald C. Walker*, Portland, argued the cause and filed a brief for appellants.

*Keith Burns*, Portland, argued the cause and filed a brief for respondent.

Before Perry, Chief Justice,[*] and McAllister, Sloan, O'Connell, Denecke and Tongue, Justices.

SLOAN, J.

This is an election contest. The petition alleges the contestants are qualified voters in Clackamas county and relates to the election campaign between the contestee, Richard Groener, and his opponent, Mrs. Richard Sundeleaf, for the office of State Representative, Seventh Representative District, Clackamas County, Position No. 4, in the general election of November 5, 1968. It is alleged that the winner of the largest number of votes, Richard Groener, violated the Corrupt Practices Act by advertisements and other representations similar to those involved in *Cook v. Corbett*, 1968, 251 Or 263, 446 P2d 179. The trial court sustained a demurrer to the complaint. Contestants appeal. We affirm.

Article IV, § 11, of the Oregon Constitution requires:

"Each house when assembled, shall choose its own officers, judge of the election, qualifications, and returns of its own members; * * *."

The courts have uniformly held, with little exception, that statutes which purport to empower the judicial branch of a state government to try and decide the "election, qualifications and returns" of the members of a legislature is in violation of similar constitutional requirements. Annotation 107 ALR 205.

---

[*] Perry, C.J., retired June 1, 1970.

The most persuasive case on the subject is *Dinan v. Swig*, 1916, 223 Mass 516, 112 NE 91. The *Dinan* case involved an alleged violation of a Massachusetts corrupt practices statute which, like our own statute, ORS 251.070, directed the court to declare void the election of a person found to have violated the act. In answering the question of "* * * whether the statute is constitutional so far as it imposes duties upon the court with reference to the election of a member of the Legislature" the court responded:

"The pertinent provision of the Constitution is in c. 1, § 3, art. 10: 'The House of Representatives shall be the judge of the returns, elections, and qualifications of its own members, as pointed out in the Constitution . . . .'

"The power to pass upon the election and qualification of its own members thus is vested exclusively in each branch of the General Court. No other department of the government has any authority under the Constitution to adjudicate upon that subject. The grant of power is comprehensive, full and complete. It is necessarily exclusive, for the Constitution contains no words permitting either branch of the Legislature to delegate or share that power. It must remain where the sovereign authority of the State has placed it. General phrases elsewhere in the Constitution, which in the absence of an explicit imposition of power and duty would permit the enactment of laws to govern the subject, cannot narrow or impair the positive declaration of the people's will that this power is vested solely in the Senate and House respectively. It is a prerogative belonging to each house, which each alone can exercise. It is not susceptible of being deputed. * * *." 223 Mass at p 517, 112 NE at pp 92 and 93.

In our own case of *Lessard v. Snell*, 1937, 155 Or 293, 63 P2d 893, we held that the court had no jurisdiction, by reason of Art IV, § 11, to determine the

qualifications of one elected to the Oregon State Senate. See subsequent approval of *Lessard* in *Monaghan v. School District No. 1*, 1957, 211 Or 360, 363, 315 P2d 797.

The contestants, in the instant case, rely upon *Cook v. Corbett, supra,* for obvious reasons. *Cook v. Corbett* involved a primary election. The issue decided here was not presented and was not considered or decided in *Cook v. Corbett, supra.* However, several courts have held that the constitutional requirement does not apply to primary elections. *State ex rel O'Connell v. Dubuque*, 1966, 68 Wash2d 553, 413 P2d 972; *State ex rel. Gramelspacher v. Martin C. Ct.*, 1952 231 Ind 114, 107 NE2d 666; *Leu v. Montgomery*, 1914, 31 ND 1, 148 NW 662.

There is justification for a distinction between a primary and general election contest. The primary election does not make the winner of that election a member of the legislative assembly. It is no more than a form of party nomination. It is not the exclusive process for getting an aspirant's name on the general election ballot. ORS 249.310 et seq.

The result of the general election is conclusive. It is the only election that determines who shall receive the certificate of election. ORS 250.840. As stated by the Indiana court in the *Gramelspacher* case:

> "Nomination in a primary election is in no sense an election to an office. Martin v. Schulte (1933), 204 Ind. 431, 182 N.E. 703. Relator herein is not yet elected a member of the Legislature. If nominated he is then only placed in a position to be elected as a member if he gets the required number of votes in the November (general) election." 231 Ind 117, 107 NE2d at 668.

*Powell v. McCormack*, 1969, 395 US 486, 89 S Ct

1944, 23 L Ed2d 491, requires comment. *Powell*, it will be remembered, was denied his seat in the 90th Congress pursuant to a resolution of the House of Representatives. This action of the House was taken because of alleged prior misconduct of Powell in earlier sessions of the Congress. The *Powell* case did not involve alleged fraudulent conduct influencing his election to Congress. The case is not apposite to the question decided here. Neither is *Bond v. Floyd*, 1966, 385 US 116, 87 S Ct 339, 17 L Ed2d 235, also cited. *Bond* held that the Georgia House of Representatives could not violate First Amendment rights of free speech in refusing to seat a person who had been elected to the Georgia House of Representatives.

■ Contestants' second assignment disputes the allowance of an attorney's fee. In their brief contestants state:

"However, if the Court shall affirm the lower court's ruling, then contestants contend that the Court would not have the power to set attorney's fees for the reason that if the act is unconstitutional in that the contestee has no rights to contest a legislative election then the same statute could impose no duties upon the contestants. * * *."

Our decision does not declare the statutes to be unconstitutional. We hold only that the constitution does vest the sole jurisdiction of this contest to be within the House of Representatives of the Legislative Assembly. Regardless of that, ORS 251.060(2)① is clearly independent and severable. *Gilbertson et al v. Culinary Alliance et al*, 1955, 204 Or 326, at 355, 282 P2d 632.

Affirmed.

---

① "The prevailing party in the contest proceeding shall recover his costs, disbursements and reasonable attorney's fees against the losing party, * * *."