## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia
ex rel. JeRoid X. Greene

v.

Edward E. Willey, etc.

January 6, 1975

Case No. D-7224

By JUDGE ALEX H. SANDS, JR.

This is a proceeding instituted under § 15.1-63 of the Code of Virginia seeking to remove defendant from office as a member of the General Assembly of Virginia because of alleged malfeasance, misfeasance, incompetency, and gross neglect of official duty while in office.

In response to the bill of complaint, defendant has filed a motion to dismiss which raises the threshold question of whether the court has jurisdiction to determine any issue raised by the complaint.

It is defendant's position that Article IV, § 7, of the Constitution[1] confers upon each house of the General

---

[1] Section 7. Organization of General Assembly. -- The House of Delegates shall choose its own Speaker; and, in the absence of the Lieutenant Governor, or when he shall exercise the office of Governor, the Senate shall choose from its own body a president pro tempore. Each house shall select its officers and settle its rules of procedure. The houses may jointly provide for legislative continuity between sessions occurring during the term for which members of the House of Delegates are elected. Each house may direct writs of election for supplying vacancies which may occur during a session of the General Assembly. If vacancies exist while the General Assembly is not in session, such writs may be issued by the Governor under such regulations as may be prescribed by law. Each house shall

Assembly exclusive jurisdiction over matters pertaining to the removal of its members from office and that this court, therefore, has no jurisdiction over the subject matter set forth in the bill of complaint.

Complainant, while acknowledging the correctness of defendant's contention absent specific legislation conferring such jurisdiction upon another tribunal, yet argues that Virginia Code § 15.1-63[2] specifically provides such legislation and confers upon the court the jurisdiction, which it would otherwise not have, to hear and determine the issues raised in the complaint.

Complainant points out that the language of Article IV, Sect. 7, of the Constitution of Virginia does not state that the legislature have the *sole* power to deal with offending members and that this omission left the door open for the adoption of Code § 15.1-63 without creating

---

judge of the election, qualification, and returns of its members, may punish them for disorderly behavior, and, with the concurrence of two-thirds of its elected membership, may expel a member.

[2] Section 15.1-63. Power of removal; grounds. -- The circuit courts of counties and of cities having no corporation court and the corporation courts of cities may remove from office all State, county, city, town and district officers elected or appointed, except such officers as are by the Constitution removable only and exclusively by methods other than those provided by this and the following section (Section 15.1-64), for malfeasance, misfeasance, incompetency or gross neglect of official duty, or who shall knowingly or willfully neglect to perform any duty enjoined upon such officxer by any law of this State, or who shall in any public place be in a state of intoxication produced by ardent spirits voluntarily taken, or who shall have been convicted of engaging in any form of gambling or of any act constituting a violation of any penal statute involving moral turpitude, or who is convicted of failing to make a public disclosure of interests in violation of article 4 (Section 15.1-67 et seq.) of chapter 2 of this title.

The power to remove the clerk of a court shall be vested only in the court of which he is clerk.

Nothing in this section shall be construed to interfere with any power which may otherwise be vested in the mayor of any city or to repeal any provision of the charter of any city or town or any ordinance in pursuance of such charter for the removal of any of the officers of such city or town.

any inconsistency between the constitutional provision and the statute.

An historical review of the issue presented clearly indicates that from the early days of British jurisprudence, legislative bodies have been overly zealous in protecting their right to be the sole judges of not only the qualifications of its members but also of their conduct, and the sole authority for the punishment and the discipline of members of the body guilty of any infraction thereof.[3] This concept, however objectionable it might appear to some, has, moreover, been adopted as an integral part of the legislative and constitutional structure of our country.[4]

The issue here raised by defendant's motion to dismiss is not a novel one. It has been raised in numerous jurisdictions[5] and *in every single instance* it has been held that the court was without jurisdiction to adjudicate an issue similar to that here involved. The court has been unable to find, nor has it been cited to, any authority entertaining a contrary view.

This statement, appearing in 49 Am. Jur. at page 251 appears to sum up the universally accepted holding on the issue before the court:

> The Constitutions of most, if not all, of the states contain provisions to the effect that each house of the state legislature shall be the judge of the election and qualifications of its own members. And it is well settled that such a provision vests the legislature

[3] See Vol. 1, Chap. 4, Coke's Institutes; Vol. 2, Section 163 of Blackstone's Commentaries (St. George Tucker ed.).

[4] See Federalist Papers No. 53 and Art. I, Sect. 4, of the Constitution of the United States.

[5] State v. Hickey (Mo.) 475 S.W.2d 617; French v. Senate of State of California (Cal.) 80 P. 1031; Danforth v. Banks (Mo.) 454 S.W.2d 498; Lessard v. Snell (Oregon) 63 P.2d 893; State v. Corley (Del.) 172 A. 415; Covington v. Buffett (Md.) 45 A. 204; State v. Gilmore (Kan.) 20 Kan. 551; State v. Cutts (Mont.) 163 P. 470. See also note in 107 A.L.R. 205.

with sole and exclusive power in this regard and deprives the courts of jurisdiction of these matters. Such a declaration is a grant of power and constitutes each house the ultimate tribunal as to the qualifications of its own members. The two houses acting conjointly do not decide, but each house acts for itself and by itself, and from its decision there is no appeal, not even to the two houses. This power is not exhausted when once it has been exercised and a member admitted to his seat; it is, on the contrary, a continuous power, and runs through the entire term. At any time, and at all times during the term of office, each house is empowered to pass on the present qualifications of its own members.

Complainant, however, argues that the action of the Virginia General Assembly in adopting Code § 15.1-63 has taken Virginia out of the class of cases and the rule above discussed.

The obvious answer to this contention is that Section 15.1-63, by its express language, exempts members of the General Assembly from the application of the statute. It provides that the section shall apply to all State, county, city, town and district officers elected or appointed "except such officers as are by the Constitution removable only and exclusively by methods other than those provided by this and the following section. . . ." Where a constitutional provision framed as that of Virginia does not specify that the power of removal granted is "sole and exclusive," such language must necessarily be implied. (See authorities cited under footnote 5.)

Indeed but for such language this section of the Code would be unconstitutional as being in direct conflict with Article IV, § 7, of the Virginia Constitution.

It would appear, moreover, that from a practical point of view, the General Assembly could hardly be expected to be able to function at all, much less efficiently, if its members were subject to being brought into court by any citizen of the State, wherever located, who might be unhappy with the legislator's behavior.

For the above reasons, defendant's motion to dismiss will be granted.