The Attorney General is in receipt of your request for an opinion wherein you asked, substantially, the following question: Is the Senate authorized to pay full Senate salaries to both former District 46 Senator, Mary Helm, and newly elected District 46 Senator, Bernest Cain, for the period November 22, 1978, to January 22, 1979. Your question arises due to the contested election for Senator of District 46 which resolved in favor of Bernest Cain and the passage of two Senate motions on January 22, 1979. The first motion moved that Bernest Cain be seated as Senator from District 46 with all emoluments of office as of the date of November 22, 1978. On the same day the Senate passed a motion that the President of the Senate be authorized to pay the salary of Senator Mary Helm up to the time her successor qualified by having a Certificate of Election issued, which motion was declared adopted upon roll call, thereby ostensibly entitling Mary Helm to full Senate salary for the period November 22, 1978, to January 22, 1979. Article V, Section 30 of the Oklahoma Constitution provides in part as follows: "30 Judges of the Election of Members — Quorum — Rules — Disorderly Behavior — Journal Each house shall be the judge of the elections, returns, and qualifications of its own members, and a majority of each shall constitute a quorum to do business; . . . . The above Section confers an exclusive jurisdiction with the legislature in proceedings challenging title to an office after an election is final. See Whitten v. Farm and Home Savings and Loan Association of Missouri, 85 P.2d 759 (Okla. 1938), Wickersham v. State Election Board, 357 P.2d 421 (Okla. 1960). However, in passing upon the constitutionality of the action of the Senate in this matter, other pertinent Sections of the Constitution should be considered along with Article V, Section 30. Article V, Section 21 of the Oklahoma Constitution creates the Board on Legislative Compensation and provides in part that "Members of the Legislature shall receive such compensation as shall be fixed by the Board on Legislative Compensation. Said Board shall each two years review the compensation paid to the members of the Legislature and shall be empowered to change such compensation; such change to become effective on the fifteenth day following the succeeding general election." Pursuant to this Constitutional provision, the Board on Legislative Compensation convened on October 17, 1978, and resolved that compensation paid members of the Oklahoma Legislature beginning November 22, 1978, would be as follows: (a) The compensation of each legislator shall be the sum of $12,948 annually, payable at the rate of $1,637 per month for January, February, March, and April of each year, and $800 per month for the months of May through December of each year. The Board on Legislative Compensation has exclusive control over the salaries and emoluments of the members of the Oklahoma Legislature. It has determined the compensation each legislator shall receive which may not be altered by the Oklahoma Legislature absent a constitutional amendment conferring such power. See Tate v. Logan, 362 P.2d 670 (Okla. 1961). The Senate is without authority to authorize in effect the payment of double compensation to whomever it determines is entitled the seat as Senator from District 46. It is, therefore, the opinion of the Office of the Attorney General that the Senate of the State of Oklahoma is without authority to provide full legislative compensation to both Mary Helm and Bernest Cain from November 22, 1978, to January 22, 1979. (JOHNNY J. AKINS) (ksg)