A. OREN WHEELER v. THE BOARD OF CANVASSERS OF MANISTEE COUNTY.

*Elections—Members of Legislature—Recount.*

Act No. 208, Laws of 1887 (3 How. Stat. § 234*a*), which provides for the correction of frauds and mistakes in the canvass and returns made by inspectors of elections, does not apply to the office of State Senator.

*Mandamus.* Argued December 23, 1892. Denied December 24, 1892.

Relator applied for *mandamus* to compel respondent to order a recount in certain precincts of Manistee county for the office of State Senator. The facts are stated in the opinion.

*McAlvay & Grant, P. T. Glassmire,* and *E. E. Benedict,* for relator.

*A. J. Dovel, George L. Hilliker,* and *Morse, McGarry & McKnight,* for respondent.

PER CURIAM. Petition is made for *mandamus* to compel the board of canvassers of the county of Manistee to

order a recount of the ballots in certain precincts of that county.    Relator was a candidate on the Republican ticket for the office of State Senator.    He filed a petition with the board of county canvassers for a recount, under the provisions of Act No. 208, Laws of 1887.    This was refused, and we are now asked to issue the writ of *mandamus* to compel the board to take such action.

The case falls directly within the ruling of this Court in *Naumann v. Board of Canvassers*, 73 Mich. 252.    It was there said that—

" The statute does not apply in those cases where the city council, by whatever name it is called, is made the absolute judge of the election and right to office of its members.    *   *   *    It has been very common in this State, for obvious reasons, to prevent delay and litigation, to vest in the legislative boards of municipal corporations the same power of determining the claims of persons to belong to them that is vested in Congress and the State Legislature."

In the present case, under section 9, art. 4, of the State Constitution, each house of the Legislature is empowered to judge of the qualifications, elections, and returns of its members.    It was shown in *Naumann v. Board of Canvassers, supra,* that the charter of the city of Detroit contained a provision that the board of aldermen should be the judges of the election and qualifications of its own members, etc.    We can see no distinction in principle in these cases.    The same question arose in *Weston v. Probate Judge,* 69 Mich. 600, and the writ of *mandamus* was refused for the same reason.    We feel bound to follow these cases.

The writ must be denied.