# Burchell v. State Board of Election Commissioners et al.

(Decided Feb. 16, 1934.)

CHARLES N. HOBSON and A. T. W. MANNING for appellant.

BAILEY P. WOOTTON, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee Election Commission.

L. W. MORRIS and MORRIS & JONES for other appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

At the regular election held in November, 1932, each of the appellees, Fred M. Vinson, Virgil Chapman, Glover H. Carey, C. H. Carden, Finley Hamilton, A. J. May, W. V. Gregory, and Brent Spence was a candidate for Representative in the United States Congress from the state at large. The state board of election commissioners canvassed the returns, found that each of the appellees had received a majority of votes cast, and certified the results to the clerk of the House of Representatives. Thereafter each of the appellees took the required oath of office and entered upon his duties as member of Congress from the state of Kentucky.

On December 19, 1932, T. T. Burchell filed a petition in equity in the Franklin circuit court in which he alleged that at the November election, 1932, he received 174 votes in Clay county, then included in the Ninth congressional district, and that no other person received any votes for the office of Representative in Congress from such district, and he asked that he be adjudged to have been elected United States Congressman from the Ninth district of Kentucky, and that the defendants, the members of the state board of election commissioners, be required by a mandatory injunction to meet and canvass the votes certified to them for United States Con-

gressman from the Ninth congressional district of Kentucky, and, if it be found that plaintiff had in fact received the highest number of votes cast for such office, the defendants be further required by mandatory injunction to execute three certificates of election—one to be retained in the office of the defendants, another sent by mail to the clerk of the House of Representatives, and another sent to plaintiff. He later filed an amended petition in which he made parties defendants the appellees who had theretofore been awarded certificates of election. A demurrer to the petition as amended was sustained, and from the judgment dismissing the petition the plaintiff appeals.

By the Act of Congress of August 8, 1911, sec. 1, U. S. C., title 2, sec. 2 (2 USCA sec. 2) Congress allotted to Kentucky eleven Representatives in Congress under the census of 1910. By the act of Congress of June 18, 1929 (section 22 [2 USCA sec. 2a]), this allotment was reduced to nine, and it then became necessary for the General Assembly of Kentucky to redistrict the state or, by its failure to pass a redistricting act, to allow the Representatives in Congress to be elected by the state at large. Smiley v. Holm, 285 U. S. 355, 52 S. Ct. 397, 76 L. Ed. 795. The General Assembly of Kentucky at its 1932 session divided the state into nine congressional districts. Acts 1932, c. 145; Kentucky Statutes, 1933 Supplement, sec. 418a. This act was attacked both in the federal and state courts on the ground that it violated section 3 of the Act of Congress of August 8, 1911 (2 USCA sec. 3), and was void. On September 3, 1932, the District Court for the Eastern District of Kentucky adjudged that chapter 145 of the Acts of 1932, known as the Congressional Redistricting Act, violated section 3 of the Act of Congress of August 8, 1911, and was void, and an injunction was granted restraining the secretary of state of the commonwealth of Kentucky from certifying to the county court clerks of the counties comprising the nine congressional districts laid off by the provisions of the 1932 act the names of candidates for Representatives in Congress in the respective districts so laid off. Hume v. Mahan (D. C.) 1 F. Supp. 142. The decree of the District Court was reversed by the Supreme Court of the United States on December 5, 1932. Mahan v. Hume, 287 U. S. 575, 53 S. Ct. 223, 77 L. Ed. 505. The reversal was on the authority of Wood v. Broom, 287 U. S. 1, 53 S. Ct. 1, 77 L. Ed. 131, decided October 13,

1932, in which it was held that the provisions of section 3 of the Act of August 8, 1911, that Representatives in Congress should be elected by districts composed of contiguous and compact territories and containing as nearly as practicable an equal number of inhabitants, were no longer in force. In the Wood Case a Congressional Redistricting Act passed by the Legislature of Mississippi was assailed upon the same grounds relied upon in the attack on the Kentucky act.

On July 25, 1932, a judgment was rendered in the Franklin circuit court in a case then pending therein declaring void the Kentucky Redistricting Act of 1932, and directing the secretary of state to certify to the county court clerks of the state the names of all candidates for Congress who legally filed in the office of the secretary of state their notifications and declarations, either as candidates from districts or as candidates from the state at large, within the time required by law to be placed on the official primary ballots to be voted for as candidates for Congress from the state at large. An appeal was taken to this court, and on December 13, 1932, on the authority of Mahan v. Hume, supra, the judgment of the Franklin circuit court, declaring chapter 145 of the Acts of 1932 invalid, was reversed. Mahan, Secretary of State, v. Bruce, 246 Ky. 469, 55 S. W. (2d) 368. Thus it will be seen that on the day of the regular election in November, 1932, the judgment of the United States Court for the Eastern District of Kentucky, declaring void the Congressional Redistricting Act and enjoining the secretary of state from certifying the names of candidates for Representatives in Congress from the respective districts, but requiring her to certify the names of candidates from the state at large, was in full force and effect, as likewise was the judgment of the Franklin circuit court declaring void the Redistricting Act of 1932. The secretary of state had the ballots printed in accordance with these judgments, and on the ballots all candidates for Representatives in Congress were designated as candidates from the state at large. The office of Representative in Congress from the respective districts was not designated on the ballots. In Clay county, which is within the ninth congressional district as laid off in the 1932 Redistricting Act, 174 voters wrote this on the ballots handed to them: "For United States Congressman from the ninth congressional district of Kentucky," and thereunder they wrote

the name of T. T. Burchell and placed thereafter a cross-mark. These votes were certified by the canvassing board of Clay county to the state board of election commissioners, but the certification was disregarded by the state board.

As heretofore stated, Burchell brought this suit asking that he be adjudged to have been elected Representative in Congress from the Ninth congressional district, and that the members of the state board of election commissioners be required to issue to him a certificate of election. It is argued that this suit is not in the nature of an election contest, but is merely an action to require the state canvassing board to perform a purely ministerial act. If the suit is essentially an election contest proceeding, the lower court correctly adjudged that it was without jurisdiction, and the special demurrer to the petition as amended was properly sustained. Article 1, sec. 5, of the Constitution of the United States, provides that ''each house shall be the judge of the elections, returns, and qualifications of its own members.'' Under this section of the Constitution, jurisdiction to determine the right of a Representative in Congress to a seat is vested exclusively in the House of Representatives, and a state court has no power to determine the right or to adjudge that a particular candidate has been elected. Barry v. United States, 279 U. S. 597, 49 S. Ct. 452, 73 L. Ed. 867; State ex rel. v. District Court, 50 Mont. 134, 145 P. 721; Britt v. Board of Canvassers, 172 N. C. 797, 90 S. E. 1005; Wheeler v. Board of Canvassers, 94 Mich. 448, 53 N. W. 914.

If the relief asked in the instant case were granted, it would be necessary for this court to adjudge that appellant had been elected to the office of Representative in Congress from the Ninth congressional district and to require the state board of election commissioners to assemble and issue to him a certificate of election. This would affect the title of the incumbent Congressmen to their offices. The state board of election commissioners has issued nine certificates of election to persons who were candidates at the regular election in 1932 for the offices of Representatives in Congress, and this is the number of Representatives to which Kentucky is entitled. If appellant is entitled to the office he seeks, the titles of all of the incumbents, who are appellees here, are imperfect. A declaration by this court that appellant is entitled to the relief prayed for in his petition

would be in effect an adjudication that his right to the office is superior to the right of each of the appellees. As said in State ex rel. v. Selvig, 170 Minn. 406, 212 N. W. 604:

"Any judgment rendered by the court upon that question would be both officious and nugatory."

No decision by this court can perfect appellant's title to the office he claims. By artcile 1, sec. 5, of the Federal Constitution, the power to pass upon the election and qualification of its own members is vested exclusively in each house of Congress, and no court has any authority to adjudicate upon that subject.

Being of the opinion that this action is essentially an election contest proceeding, it follows that the Franklin circuit court was without jurisdiction, and the special demurrer to the petition as amended was properly sustained.