**KEOGH v. HORNER, Governor of Illinois.**

District Court, S. D. Illinois, S. D.
Nov. 21, 1934.

John W. Keogh, pro. se.

Otto Kerner, Atty. Gen., for Illinois, for respondent.

MAJOR, District Judge.

Petitioner herein prays that a writ of prohibition be issued, prohibiting the respondent, Hon. Henry Horner, Governor of the state of Illinois, from issuing certificates of election to those who were ostensibly elected as members of the United States House of Representatives at the election held on November 6, 1934, or, in the alternative, that he be required to show cause why the writ should not issue as prayed for.

934

Various reasons are assigned as to why the writ should issue; but for the purpose of this opinion it is sufficient to state it is claimed the election of members of the House of Representatives from the state of Illinois is illegal and void because of the failure of the Illinois General Assembly to redistrict the state congressionally in compliance with the following provision of the United States statute (2 USCA § 3): "In each State entitled under this apportionment to more than one Representative, the Representatives to Congress shall be elected by districts composed of a contiguous and compact territory, and containing as nearly as practicable an equal number of inhabitants. The said districts shall be equal to the number of Representatives to which such State may be entitled in Congress, no district electing more than one Representative."

The petitioner discloses that there has been no redistricting of the state congressionally since 1901, when the present districts, twenty-five in number, were provided for; that, since that time, the state has gained two members which necessitates their being elected at large, and the petitioner goes into considerable detail giving figures and statistics with reference to the population of the various districts designed to show the very great disparity in such population. By reason thereof, petitioner claims, as a citizen and taxpayer of the county of Cook, he has been greatly harmed in his property and personal rights.

The respondent, by the Attorney General of Illinois, moves to discharge the rule and dismiss the petition and assigns various grounds therefor, including that of jurisdiction. With the conclusion I have reached, it is unnecessary to consider any question except that of jurisdiction.

■ No cases are cited by petitioner, and after a diligent search of the cases and textbooks, I am unable to find any authority, which, by any stretch of the imagination, holds or tends to hold that a District Court has any authority to grant the relief sought. The general rule with reference to the jurisdiction of federal courts has been oftentimes stated as being of limited jurisdiction and without power to exercise any jurisdiction except that which is expressly, or necessarily by implication, conferred by Congress. Such courts are creatures of Congress, provided for by the Constitution, and necessarily depend upon statutory enactment for jurisdiction. There is no such authority to be found in any enactment of Congress. Foster's Federal

Procedure, volume 3, page 2250, states: "No District Court of the United States has the power to issue a writ of prohibition except when necessary for the exercise of its jurisdiction in some matter previously before it." Other text-writers announce the same or similar rule.

Some state authorities are called to my attention in which courts have allowed this writ directed to those exercising a judicial or quasi judicial function, and it seems that petitioner relies upon these meager authorities. The fallacy of this position is twofold: First, in such cases the courts were not of limited jurisdiction such as is this court; and, second, respondent, in performing the act which is sought to be prohibited, in my opinion, acts purely in a ministerial capacity and not one which is judicial or quasi judicial in its character.

■ The statute, by virtue of which the Governor acts, is as follows (Smith-Hurd Ann. St. Ill. c. 46, § 80, paragraph 82, chapter 46, Elections, Cahill's Rev. St. Illinois 1933): "The Secretary of State, Auditor, Treasurer, and Attorney General, or any two of them in the presence of the Governor shall proceed within twenty days after the election, and sooner if all the returns are received, to canvass the votes given for United States Senators and Representatives to Congress, * * * and the persons having the highest number of votes for the respective offices, shall be declared duly elected; * * * and to each person duly elected, the Governor shall give a certificate of election or commission, as the case may require, and shall cause proclamation to be made of the result of the canvass. * * *"

It would seem to me the Governor has no discretion except to issue the certificate of election or commission to those entitled thereto as is provided in the foregoing section. To hold that the Governor acts in a judicial capacity would do violence, not only to the plain language of the statute just quoted, but would confer upon him the right to conduct and settle contests concerning members of Congress, when that power is expressly conferred upon the respective Houses of Congress by the Constitution of the United States. If the Governor, acting judicially, can determine those elected as members of Congress are to be denied a certificate of election on account of the character of the districts from which they were elected, or because of the failure of the General Assembly to redistrict the state, it would be just as reasonable to conclude that he has the authority

and duty to determine any other question concerning the legality of their election, such as the qualifications provided by the Constitution, violation of the Federal Corrupt Practices Act, or any of the other questions which are so often raised in the House of Representatives in election contests. Such a construction, of course, would be ridiculous. If the Governor refused or was prohibited from issuing such certificates of election and the situation was presented to the House of Representatives, I do not doubt but what the House would have the right to seat the members elected without any certificate just as it could refuse to seat the members with a certificate, if it chose so to do. In other words, the power of the respective Houses of Congress with reference to the qualifications and legality of the election of its members is supreme. The many volumes of election contest cases in which every conceivable question has been raised with reference to the right of persons to sit as members of Congress, together with the fact that there are no court decisions to be found, controlling such matters, bear mute but forcible evidence that this court has no authority to be the judge of the manner in which such members were elected, or to interfere with the Governor in furnishing them a certificate or commission as to what the canvass shows with reference to their election.

The court has no jurisdiction to issue the writ prayed for, and the petition is herewith dismissed.