By the Court.
 

 In support of his first position the contestee relies upon Sections 1 and 5, Article I of the Constitution of the United States, which provide in part as follows: “All legislative power shall he vested in a Congress of the United States which shall consist of a Senate and House of Representatives.” Section 1, Article I. “Each house shall be the judge of the elections, returns and qualifications of its own members, * * *.” Section 5, Article I.
 

 In support of his second position the contestee contends that “Sections 4785-166 to 4785-174, inclusive, of the General Code of Ohio, in so far as they purport to apply to the office of member of the Congress of the United States are null and void, unconstitutional and in violation of the aforesaid Sections 1 and 5, Article I of the Constitution of the United States.”
 

 The contestor filed this action pursuant to the provisions' found in Sections 4785-166 to 4785-174 of the General Code. Contestee admits that the statutes in question are valid enactments in respect to contest of elections for state offices, but insists that they are null and void and unconstitutional in respect to the election of a member of Congress, and quotes a number of decisions in other jurisdictions.
 

 It is contended that a decision of this court would not be binding upon the House of Representatives in respect to the title to this office. But neither is the certificate of election, already issued'by the Secretary of State. Either may be recognized or set at naught. The certificate of election, is'sued by the Secretary of State, is merely the credential of the person who presents the same to the House of Representatives. The question that recurs is: What is the duty, obligation and authority of this court in the premises ? The Congress of the United States could, under the Constitu
 
 *73
 
 tion, provide the regulations and rules under which
 
 members
 
 of Congress would have to be elected. But thus far the Congress has not chosen to preempt that field but has left to the states the necessary legislation whereby members of Congress may be elected. Under Section 5, Article I of the Constitution of the United States, Tiowever, full power is granted to Congress to be the judge of the elections and qualifications of its members. When a member of Congress is' elected in any state the Congress has the right to decide not only his qualifications but also whether he has been legally and rightfully elected. This does not mean that the sovereign states in the election of such congressman shall be any less diligent in preserving the sanctity of the ballot in respect to a congressman than in the election of any state official. But the issue in the instant case is whether this court has' jurisdiction.
 

 The basic question of the jurisdiction of a court, where the Constitution specifically grants authority to a legislative body to determine the election and qualifications of its members, was before this court in 1885 in the case of
 
 Dalton, Clerk,
 
 v.
 
 State, ex rel. Richardson,
 
 43 Ohio St., 652, 3 N. E., 685, in which case it was held that Section 6, Article IT of- the Ohio Constitution, conferring upon each house of the G-eneral Assembly jurisdiction to “judge of the election, returns, and qualifications of its own members” was exclusive and a pretended judicial determination of any other tribunal' was a nullity. The opinion by Judge Owen recites that a majority of the court was unable to agree upon the question of the jurisdiction, but the syllabus, which then stated the law, pronounced the foregoing-declaration.
 

 A recent case,
 
 Burchell
 
 v.
 
 State Board of Election Commissioners,
 
 252 Ky., 823, 68 S. W. (2d), 427, decided in 1934, involved the identical question presented in this controversy, and the Supreme Court of Kentucky held that the provision in Section 5, Article I
 
 *74
 
 of the Constitution of. the United States “ each house shall be the judge of the elections, returns and qualifications of its own members, ’ ’ vests exclusive jurisdic-' tion in the House of Representatives to determine the right of a representative! to sit, and a state court has no power to determine the right or to adjudge that a particular candidate has been elected, citing
 
 Barry, Sergeant-at-Arms,
 
 v.
 
 United States, ex rel. Cunningham,
 
 279 U. S., 597, 49 S. Ct., 452, 73 L. Ed., 867 (1929);
 
 State, ex rel. Smith,
 
 v.
 
 District Court,
 
 50 Mont., 134, 145 P., 721 (1914);
 
 Britt
 
 v.
 
 Board of Canvassers,
 
 172 N. C., 797, 90 S. E., 1005 (1916);
 
 Wheeler
 
 v.
 
 Board of Canvassers,
 
 94 Mich., 448, 53 N. W., 914 (1892). Other authorities supporting this principle are collected in the annotation to
 
 State, ex rel. Sathre,
 
 v.
 
 Quickstad,
 
 66 N. D., 689, 268 N. W., 683 (1936), in 107 A. L. R., at page 205
 
 et seq.
 

 Prior to 1934 the same fundamental conclusion wajs reached in
 
 In re Executive Communication,
 
 12 Fla., 686 (1869),
 
 State, ex rel. Fleming, Gov.,
 
 v.
 
 Crawford, Secretary of State,
 
 28 Fla., 441, 10 So., 118, 14 L. R. A., 253 (1891),
 
 Sutherland
 
 v.
 
 Miller, Judge,
 
 79 W. Va., 796, 91 S. E., 993, L. R. A. 1917D, 1040 (1917), all three of which involved United States Senators, and
 
 State, ex rel. 25 Voters,
 
 v.
 
 Selvig,
 
 170 Minn., 406, 212 N. W., 604 (1927), which involved a member of the House of Representatives, and the opinion of the last-cited case, on page 407, assembles many authorities supporting the declaration.
 

 In 1929 the Supreme Court of the United States, speaking through Mr. Justice Sutherland, in
 
 Barry, Sergeant-at-Arms,
 
 v.
 
 United States, ex rel. Cunningham, supra,
 
 at page 614, stated: “It is said, however, that the power conferred upon the Senate is to judge of the elections, returns and qualifications of its ‘members,’ and, since the Senate had refused to admit Vare to a seat in the Senate or permit him to take the oath of office, that he was not a member. It is enough to
 
 *75
 
 say of this, that upon the face of the returns he had been elected and had received a certificate from the Governor of the state to that effect. Upon these returns and with this certificate, he presented himself to the Senate, claiming all the rights of membership. Thereby, the jurisdiction of the Senate to determine the rightfulness of the claim was invoiced and its power to adjudicate such right immediately attached by virtue of Section 5 of Article I of the Constitution. Whether, pending this adjudication, the credentials should be accepted, the oath administered, and the full right accorded to participate in the business of the Senate, was' a matter within the discretion of the Senate. ” Since this court does not have jurisdiction of this proceeding to contest an election, the demurrer is sustained and the petition is dismissed.
 

 Petition dismissed.
 

 Weygandi, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.