OPINION
OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION
\* \* \* \* \* \*
QUESTIONS PROPOUNDED BY THE
GOVERNOR AND THE EXECUTIVE COUNCIL
ON NOVEMBER 27, 1956
ANSWERED DECEMBER 3, 1956

LETTER PROPOUNDING QUESTIONS
STATE OF MAINE
OFFICE OF THE GOVERNOR
AUGUSTA

November 27, 1956

To the Honorable Justices of the Supreme Judicial Court:

In accordance with the provisions of Chapter 5, of the Revised Statutes of 1954, a general election was held

throughout the State on Monday, September 10, 1956. Subsequent to the election, on September 26, 1956, in accordance with the provisions of Section 50 of said Chapter, the Governor and Council opened and compared the votes returned, had the same tabulated, and found by those returns that Robert Hale of Portland appeared to be elected as Representative to the Congress of the United States from the First District by a plurality of 29 votes over James C. Oliver of Cape Elizabeth.

Within twenty days after the ballots were tabulated, Mr. Oliver appeared and filed a written application with the Secretary of State requesting an inspection and recount of the ballots cast for Representative to Congress in the First Congressional District, alleging that the returns of the votes cast did not correctly state the votes as actually cast.

In accordance with the request of Mr. Oliver, an inspection of all of the votes cast in the First Congressional District was conducted in the presence of the Deputy Secretary of State in charge of elections by counsel representing Mr. Hale and Mr. Oliver.

This inspection was conducted over a period of fourteen days during which time all ballots cast in the First Congressional District were examined and tabulated. During the course of the inspection the validity of 3637 absent voting ballots and 451 regular ballots was questioned by one candidate or the other. A determination of the validity of these ballots would affect the outcome of the election.

The inspection disclosed that a certain number of absent voting ballots were cast in various voting precincts, but that the envelopes and applications pertaining to such absent voting ballots were not returned to the Secretary of State in the containers which contained the ballots from such voting precincts.

The inspection also disclosed various other facts pertaining to absent voting ballots, the effect of which is disputed between the candidates.

The inspection also disclosed certain ballots, the effect of which is disputed by the two candidates by reason of the manner in which the same were marked.

There has been no claim by either party that any of the voting officials acted fraudulently. Laxity, custom and usage in the handling of absent voting ballots have produced a part of the problem which now confronts the Governor and the Executive Council.

On November 8, 1956, Mr. Robert Hale made a written demand of the Secretary of State that a certificate of election be issued to him at that time as Representative to the Congress of the United States from the First Congressional District of the State of Maine in accordance with the provisions of Chapter 5, Section 50 and Chapter 21, Section 4 of the Revised Statutes of Maine (1954) and all acts amendatory thereof and additional thereto.

On November 19, 1956, Mr. Oliver, through his counsel, by a letter addressed to the Governor and the Executive Council formally objected to the issuance of a certificate to Mr. Hale. It was alleged on Mr. Oliver's behalf that certain absent voting ballots and certain ballots allegedly marked in an improper manner should not be counted.

On the same date, Mr. Oliver made written demand on the Secretary of State, for the issuance to him of a certificate of election as Representative to the Congress of the United States from the First Congressional District of the State of Maine.

On November 20, 1956, at a meeting of the Governor and the Executive Council, the Governor declined to issue at that time any certificate of election, stating as the reason that the

Governor and the Executive Council were uncertain whether or not they had the authority to determine the legal effect of the absent voting ballots. The Governor and the Executive Council are also in doubt as to the legality of certain other ballots cast in the First Congressional District and, hence, whether or not such ballots should be counted.

With respect, therefore, to these ballots, and the right of the Governor and the Executive Council to accept or reject disputed ballots, important questions of law having arisen, and believing the occasion to be a solemn one within the meaning of the Constitution, the Governor and the Executive Council respectfully request the Honorable Justices of the Supreme Judicial Court to advise them thereon.

## QUESTIONS

(1)   Do the Governor and the Executive Council have the power and the authority to decide whether any ballots cast in an election for Representative to the Congress of the United States shall be counted or rejected?

(2)   If the answer to the first question is in the negative, thus leaving open the question of validity of certain ballots, must the Governor and Council issue a certificate of election to the apparent winner in the tabulation of September 26, 1956, or must the certificate of election be withheld until the validity of such ballots is determined by the appropriate tribunal?

Respectfully submitted,

s/   EDMUND S. MUSKIE
  *Governor of Maine*

s/   SIDNEY R. BATCHELDER
  *Chairman*

s/   LEON M. SANBORN

s/ W. Haynes
s/ Arthur E. Ela
s/ David A. Nichols
s/ Roswell P. Bates, D.O.
s/ Carroll B. Peacock
*Members of the*
*Executive Council*

To the Honorable Edmund S. Muskie, Governor of Maine, and the Executive Council:

We, the undersigned, Justices of the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on November 27, 1956 relative to the election of a Representative to Congress from the First District:

QUESTION (1):

Do the Governor and the Executive Council have the power and the authority to decide whether any ballots cast in an election for Representative to the Congress of the United States shall be counted or rejected?

ANSWER:

We answer in the negative. Under R. S., c. 5, Sec. 51 (1954) the law requires that a certificate be given by the Governor after a Representative to Congress has been declared elected. The pertinent part reads:

> "In case of United States senators, representatives to congress, members of the legislature and county and state officers, except where a different rule is prescribed in the constitution, the person or persons, not exceeding the number to be voted for at any one time for any such office, having the highest number of votes given at such election shall be declared elected, and the governor shall issue a certificate. . ."

In 1932, in the case involving the election of a Representative to Congress from the Third District, five of the Justices of the Supreme Judicial Court (the sixth not participating) in an unanimous opinion to the Executive Council, said in 131 Maine 506, 510:

> "The right, power, authority and duty of the Governor and Council in canvassing the returns of an election, so far as Representatives to Congress are concerned, are defined and limited by the provisions of Sections 43, 44 and 55, Chapter 8, Revised Statutes 1930, supplemented in the cases of plantations by the provisions of Sections 79, 80 and 81 of the same chapter. These statutes convey no right, power, authority or duty upon the Governor and Council to investigate and pass upon questions of irregularities, illegal practices or fraud in the conduct of a Congressional election. By express provision of the Federal Constitution, the determination of such questions is exclusively within the jurisdiction of the House of Representatives of the Congress of the United States."

We are not here concerned with the law relative to plantations. The other statutes referred to in the opinion are in substance in force at present. R. S., c. 5, Sections 50 and 51.

In 1948 under somewhat similar circumstances, the six Justices of the Supreme Judicial Court gave an unanimous opinion to the Governor and Council in the course of a controversy over the election of a Representative to the Legislature. At 143 Maine 417, 422, the Justices said:

> "Under the Constitution the House of Representatives of the Legislature is the sole judge of the elections and qualifications of its own members. R. S., 1944, Chap. 5, Sec. 50 recognizes the controlling force of these constitutional provisions by limiting its application, in determining the election of a Representative to the Legislature, to the examination and correction of returns. Neither

the Constitution nor any statute confers right, power or authority on the Governor and Council to decide whether any ballots cast in an election of a Representative to the Legislature shall be counted or rejected. We, therefore, deem further answer unnecessary."

In our view the Opinion of the Justices in 1943 in the case of a Representative to the Legislature applies with equal force in the present case of a Representative to Congress. Under the U. S. Constitution, Article I, Section 5, "Each house shall be the judge of the elections, returns and qualifications of its own members, . ."

The Governor and Council in the case of an election for Representative to Congress by statute are given no power to do more than examine and correct the returns. To decide whether ballots cast in the election should be counted or rejected would be action on their part unauthorized by law.

QUESTION (2):

If the answer to the first question is in the negative, thus leaving open the question of validity of certain ballots, must the Governor and Council issue a certificate of election to the apparent winner in the tabulation of September 26, 1956, or must the certificate of election be withheld until the validity of such ballots is determined by the appropriate tribunal?

ANSWER:

The answer to the first question being in the negative, the validity of certain ballots is thus left open insofar as any act on the part of the Governor and Council is concerned.

From your communication it appears that on the examination and correction of the returns, Mr. Hale has the highest number of votes given in the election and is "the apparent winner in the tabulation of September 26, 1956." The provision of statute in Section 51 that such a person

"shall be declared elected, and the governor shall issue a certificate thereof. . ." thus becomes at once applicable.

Respectfully submitted:

ROBERT B. WILLIAMSON
DONALD W. WEBBER
ALBERT BELIVEAU
WALTER M. TAPLEY, JR.
FRANCIS W. SULLIVAN

Dated at Augusta, Maine, this 3rd day of December, 1956.

MEMORANDUM.

Mr. Justice Dubord did not participate for the reason that his son is counsel for Mr. Oliver.

ROBERT B. WILLIAMSON