PAUL LAXALT, CONTESTANT, v. HOWARD W. CANNON, DEFENDANT.

No. 4847

December 22, 1964                                  397 P.2d 466

*Cameron M. Batjer, Peter D. Laxalt, Robert List,* and *John Tom Ross,* of Carson City; *John W. Diehl,* of Fallon; *Clark J. Guild, Jr.,* of Reno; and On the Brief *H. Russell Thayer,* of Carson City, for Contestant.

*Harry E. Claiborne, Foley Brothers,* and *George Rudiak,* of Las Vegas; *Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* of Reno, for Defendant.

## OPINION

By the Court, THOMPSON, J.:

This is an election contest for the office of United States Senator. It was commenced originally in this court. Paul Laxalt and Howard W. Cannon were opposing candidates for that office in the general election held November 3, 1964. In accordance with NRS 293.395 (2) this court met with the Secretary of State on November 25, 1964, to canvass the vote. The Canvass showed Cannon to have won the election by a narrow margin. Laxalt made timely demand for a recount of the vote (NRS 293.403), and a statewide recount was conducted over a three day period and completed on December 2, 1964. The recount also showed Cannon to have won the election by a narrow margin, though slightly greater than before. On December 3, 1964, Laxalt filed a statement of contest with this court (NRS 293.407). On December 4, 1964, Governor Sawyer issued a certificate of election to Senator Cannon (NRS 293.395(3)). Subsequently, Senator Cannon filed a motion to dismiss this election contest, contending that this court does not have jurisdiction to decide it. Arguments on the motion to dismiss were presented December 10, 1964. As the need for an early decision was pressing, we departed from normal practice and decided the controversy that day, granting the Senator's motion to dismiss. This opinion is in explanation of that decision.

Senator Cannon's motion to dismiss the election contest is bottomed upon the express language of the Constitution of the United States, Art. I, § 5, stating that, "Each House shall be the Judge of the Elections, Returns and Qualifications of its own Members; * * *." Because of that language it is his position that only the Senate of the United States has the power to judge the election and returns of a United States senatorial election. A fortiori, a state court is precluded from doing so. On the other hand, Laxalt, relying upon Art. I, § 4 of the United States Constitution which provides that the "Times, Places and Manner of Holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; * * *" argues that an election contest pursuant to a state statute is part of the total election process contemplated by Art. I, § 4. While conceding that the ultimate power to judge and determine the winner of a senatorial race rests with the Senate, Laxalt finds no dilution of that power by permitting a state court first to decide the controversy as an aid to the final decision of the Senate. Authority overwhelmingly supports Senator Cannon's position. Belknap v. Board of Canvassers, 94 Mich. 516, 54 N.W. 376; State v. Zimmerman, 249 Wis. 237, 24 N.W.2d 504; Smith v. Polk, 135 Ohio St. 70, 19 N.E.2d 281; In re Opinion to The Governor, 41 R.I. 209, 103 A. 513; State v. Crawford, 28 Fla. 441, 10 So. 118; Odegard v. Olson, 264 Minn. 439, 119 N.W.2d 717; In re Williams' Contest, 198 Minn. 516, 270 N.W. 586; Burchell v. State Bd. of Election Comm'rs, 252 Ky. 823, 68 S.W.2d 427; Sutherland v. Miller, 79 W. Va. 796, 91 S.E. 993; Annot., 107 A.L.R. 205. Indeed we find no contrary holding. The contestant's point of view is supported only by the obiter dicta of a concurring opinion in Odegard v. Olson, supra. The jurisdiction of the Senate to judge an election contest for the office of United States Senator is supreme and exclusive. In exercising such jurisdiction the Senate acts in a judicial capacity with full power to ascertain facts, compel the attendance of witnesses, examine witnesses, issue warrants of arrest, etc., and its determination is beyond the authority of any other

tribunal to review. Barry v. United States ex rel. Cunningham, 279 U.S. 597, 49 S.Ct. 452, 73 L.Ed. 867. The constitutional grant of judicial power to the Senate in this limited area, precludes a state court from judging an election contest involving a Congressional office. Smith v. Polk, supra; Burchell v. State Board of Election Commissioners, supra.

The general scheme of the federal constitution finds its counterpart in our state constitution, Art. 4, § 6, providing that "Each House shall judge of the qualifications, elections and returns of its own members * * *." It is equally well settled that such a state constitutional provision deprives the state courts of jurisdiction to decide election contests for state legislative offices. See Annot., 107 A.L.R. at 209. Of course, in Nevada the legislature has provided that such a contest shall be tried in either the state assembly or the state senate, depending upon the office in controversy. NRS 293.427. Because of the federal and state constitutional demands, it is doubtful that the legislature, by enacting NRS 293.407 (pursuant to which the instant contest was filed), ever intended that it embrace a contest for a seat in the United States Senate or House of Representatives. However, we need not decide the question of legislative intent.

We believe it appropriate to add an additional comment. Implicit in the concept of jurisdiction is the power to make a binding determination of the case or controversy before the court. Traditionally a court will not render an advisory opinion unless empowered to do so by the organic law of the jurisdiction in which it sits. The contestant concedes that the United States Senate has the final authority, but argues that it is not exclusive. For this additional reason, we do not hesitate to declare that Art. I, § 5 of the United States Constitution invests the Senate of the United States with the supreme and exclusive jurisdiction to judge the election contest here presented. We see no justifiable reason to undertake a purely advisory function.

What we have written disposes of the matter before us. Yet we must call attention to another question. As heretofore stated, this election contest was commenced originally in this court, as provided by NRS 293.407. We entertain serious doubt as to the authority of the legislature to enlarge the original jurisdiction of this court beyond that granted by the Nevada Constitution, Art. 6, § 4.[1] However, this point was not raised in the proceeding before us and we do not now decide it. We invite

[1]Nev. Const. Art. 6, § 4 reads: "Jurisdiction of supreme court; appointment of district judge to sit for disqualified justice. The supreme court shall have appellate jurisdiction in all cases in equity; also in all cases at law in which is involved the title, or the right of possession to, or the possession of, real estate or mining claims, or the legality of any tax, impost, assessment, toll or municipal fine, or in which the demand (exclusive of interest) or the value of the property in controversy, exceeds three hundred dollars; also in all other civil cases not included in the general subdivisions of law and equity, and also on questions of law alone in all criminal cases in which the offense charged is within the original jurisdiction of the district courts. The court shall also have power to issue writs of *mandamus, certiorari*, prohibition, *quo warranto*, and *habeas corpus* and also all writs necessary or proper to the complete exercise of its appellate jurisdiction. Each of the justices shall have power to issue writs of *habeas corpus* to any part of the state, upon petition by, or on behalf of, any person held in actual custody, and may make such writs returnable, before himself or the supreme court, or before any district court in the state or before any judge of said courts.

"In case of the disability or disqualification, for any cause, of the chief justice or either of the associate justices of the supreme court, or any two of them, the governor is authorized and empowered to designate any district judge or judges to sit in the place or places of such disqualified or disabled justice or justices, and said judge or judges so designated shall receive their actual expense of travel and otherwise while sitting in said supreme court."

See also Stephens v. Bank, 64 Nev. 292, 304, 182 P.2d 146, 151, where, inter alia, it is stated, "This court has original jurisdiction only as to the issuance of writs of mandamus, certiorari, prohibition, quo warranto and habeas corpus; also all writs necessary or proper to the complete exercise of its appellate jurisdiction. All other jurisdiction of this court is appellate. We have no jurisdiction to try cases, either civil or criminal."

See also King v. Board of Regents, 65 Nev. 533, 545, 200 P.2d 221, 226–227, where this court quoted with approval the following passage from State v. Douglass, 33 Nev. 82, 110 P. 177, "Every constitutional officer derives his power and authority from the Constitution, the same as the Legislature does, and the Legislature, in the absence of express constitutional authority, is as powerless to add to a constitutional office duties foreign to that office, as it is to take away duties that naturally belong to it."

legislative attention to the problem in order that appropriate provision for future election contests may be fashioned. We have in mind election contests for offices other than United States Senator, United States Congressman, State Senator, State Assemblyman, Governor, Lieutenant Governor, and Justice of the Supreme Court, for which provision is separately made by the Federal Constitution (as to United States Senator and Congressman) and by the State Constitution and statute for the other offices mentioned.

The defendant's motion to dismiss this election contest is granted.

BADT, C. J., and McNAMEE, J., concur.