No. 24904.

BYRON G. ROGERS v. CRAIG S. BARNES, AND BYRON A. ANDERSON, SECRETARY OF STATE.
(474 P.2d 610)

Decided September 21, 1970.

Byron G. Rogers, Jr., for plaintiff-contester.

Arnold Alperstein, Hugh J. McClearn, D. Monte Pascoe, Maxwell A. Snead, Jr., for defendant-contestee, Barnes.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, for Byron Anderson, Secretary of State.

*En Banc.*

Mr. Chief Justice McWilliams delivered the opinion of the Court.

Byron G. Rogers, as plaintiff-contester, filed in this

Court an original proceeding entitled Petition for Contest of Primary Election and named Craig S. Barnes as a defendant-contestee. Also named as a defendant was Byron Anderson, the Secretary of State for Colorado.

From the petition we learn that Rogers and Barnes were candidates for nomination by the Democratic Party for United States Representative to Congress from Colorado's First Congressional District and that at the primary election held on September 8, 1970 Barnes had apparently won by some thirty votes. By his petition Rogers contests the apparent election of Barnes and as grounds therefor alleges as follows:

(1) that illegal votes were received in eight designated precincts;

(2) that in one precinct an unnamed election judge electioneered for Barnes;

(3) that in one precinct the lever over Rogers' name was faulty; and

(4) that in another precinct there was electioneering for Barnes within the polling place.

As concerns each of these several grounds for contest, Rogers also alleged that but for the described conduct the result of the election would have been changed in his favor.

By way of relief Rogers asks that a hearing be held by this Court to determine the contest and that he be declared the successful candidate in the primary election.

In response to this petition Barnes filed a motion to dismiss which in our view must be sustained for two reasons.

I.

We are of the view that this Court does not have jurisdiction to hear this matter.

Article I, sections 4(1) and 5(1) of the United States Constitution provide, in part, as follows:

"4(1) The time, place and manner of holding elections for senators and representatives shall be prescribed in each state, by the legislature thereof, but Congress may

at any time, by law, make or alter such regulations, except as to the places of choosing senators.

\* \* \* \*

"5 (1) Each house shall be the judge of the elections, returns, and qualifications of its own members . . ."

Quite clearly, then, section 5 empowers Congress, and Congress alone, to determine charges of voting irregularity, for example, stemming from a general election and concerning the offices of United States Senator and member of the United States House of Representatives. See, for example, *Laxalt v. Cannon,* 80 Nev. 588, 397 P.2d 466; *Keogh v. Horner,* 8 F. Supp. 933; and *Odegard v. Olson,* 264 Minn. 439, 119 N.W. 2d 717. Such jurisdiction being exclusive, no other body, including this Court, has the jurisdiction to hear and determine an election contest arising out of a general election for those two national offices. That such is the case is demonstrated by the fact that though the legislature has enacted a series of statutes relating to general election contests, there is no statute providing for contesting the election of one to the United States Senate or the House of Representatives, such right having been reserved by the Constitution to Congress.

The issue here to be resolved is whether the same rule applies to a primary election where competing candidates are seeking a political party's nomination to, for example, the United States House of Representatives. We hold that it does and that this Court is without jurisdiction to hear and determine the matters now sought to be raised by Rogers, nor could it grant the relief which he seeks.

In *United States v. Classic,* 313 U.S. 299, 61 S. Ct. 1031, 85 L. Ed. 1368, it was held that the authority given Congress by Article I, section 4 of the United States Constitution, set forth *supra,* includes the authority to regulate primary elections where under the law of the state they are an integral part of the procedure for the choice of representatives in Congress. This rule was reaffirmed

in *Smith v. Allwright,* 321 U.S. 649, 64 S. Ct. 757, 88 L. Ed. 987.

The United States Supreme Court having ruled that the provisions of Article I, section 4 of the United States Constitution apply to primary elections for the United States Senate and House of Representatives, it logically follows as a corollary thereof that the provisions of section 5 should also apply to primary elections for those two national offices, and we hold that they do.

*State, ex rel. Wettengel v. Zimmerman,* 249 Wis. 237, 24 N.W. 2d 504 is in point. There an election contest was filed in the Wisconsin Supreme Court seeking to enjoin the issuance by the secretary of state of a certificate that the winner at a primary election was the nominee of the Republican Party for United States Senator. In dismissing the petition the Wisconsin Supreme Court held that a primary election being an integral part of the election process, Congress under the provisions of Article I, section 5 of the United States Constitution has the same jurisdiction of primaries for nomination for United States Senator as it has over general elections for United States Senator. In so holding that court held that such jurisdiction to pass on primary elections for United States Senator was exclusive in nature and that it, the Wisconsin Supreme Court, had no jurisdiction of such matters. We agree with the result and reasoning of *Wettengel.*

To like effect, see *Markwort v. McGee,* 36 Cal. 2d 592, 226 P.2d 1 where the California Supreme Court relying on provisions in its state constitution similar to Article I, section 5 of the United States Constitution held that state courts had no jurisdiction to decide state primary election contests, such jurisdiction having been vested, and exclusively so, by constitutional provision in the state assembly. See also *State v. Evans,* 79 N.M. 578, 446 P.2d 445.

■ The present action was brought under the provisions of C.R.S. 1963, 49-17-15, which purport to vest

this Court with jurisdiction to try election contests arising out of a primary election for nomination to the United States Senate and House of Representatives. For the reasons above stated, this statute, which was first enacted in 1910, as it applies to the parties here before this Court, is held to be in conflict with Article I, section 5 of the United States Constitution and in such situation the United States Constitution must prevail.

II.

Independent of the jurisdictional question the petition must be dismissed for its failure to allege sufficient specific facts — as opposed to general conclusions — which would advise the contestee with reasonable certainty of the character of the charges to be met. The statute under which Rogers seeks to proceed requires that a contest be instituted by a petition "setting forth the grounds for the contest." In this regard the several statutes relating to election contests for office other than those of United States Senator and House of Representatives contain similar language. In prior cases we have held petitions containing a higher degree of specificity than does the instant one to be insufficient. See, for example, *Suttle v. Sullivan*, 131 Colo. 519, 283 P.2d 636; *Cruse v. Richards*, 95 Colo. 485, 37 P.2d 382; and *People v. Mitchell*, 88 Colo. 102, 292 P. 228. Our study of the petition filed in the instant proceeding leads us to conclude that it is lacking in specificity and fails to meet the "what, how and by whom test" referred to in *Mitchell*.

Accordingly, for these reasons the petition filed by Rogers must be and hereby is dismissed. The order of this Court heretofore entered on September 15, 1970 restraining Byron Anderson, Secretary of State, from issuing a certificate of election to Barnes is hereby vacated. Other matters, including Rogers' motion to strike Barnes' affirmation Defense and Petition, are now moot.