Hillsborough
No. 7112

LOUIS C. WYMAN

v.

JOHN A. DURKIN
ROBERT L. STARK, SECRETARY OF STATE
CARMEN CHIMENTO

January 6, 1975

*Stanley M. Brown, Dort S. Bigg, Eugene M. Van Loan III* and *David R. DePuy (Mr. Brown* orally) for the plaintiff.

*Devine, Millimet, Stahl & Branch* and *Matthias J. Reynolds* and *William S. Gannon (Mr. Joseph A. Millimet),* by brief and orally, for John A. Durkin.

*Thomas D. Rath,* assistant attorney general, orally, for Robert L. Stark, Secretary of State.

*Richard W. Leonard,* by brief and orally, for Carmen Chimento.

PER CURIAM. This transfer arises out of the same case which was the subject matter of the petition for writ of prohibition in *Durkin v. Hillsborough County Superior Court,* 114 N.H. 788, 330 A.2d 777 (1974). The Superior Court (*Bois,* J.) has transferred without ruling seven questions, the first of which is as follows: "Does the Superior Court have jurisdiction either through RSA 68:4 II; other jurisdictional statutes or through precedent, to invalidate an election for United States Senator?"

The several States may regulate the conduct of senatorial elections and may provide procedures necessary to guard against irregularity and error in the tabulation of votes and against fraud and corrupt practices. U.S. CONST. art. I, § 4; *Smiley v. Holm,* 285 U.S. 355 (1932). They may provide procedures for a recount so long as they do not impair or frustrate the Senate's ability to make an independent judgment. *Roudebush v. Hartke,* 405 U.S. 15 (1972).

The proceedings before the ballot law commission are an integral part of this State's elections laws under U.S. CONST. art. I, § 4. *Roudebush v. Hartke,* 405 U.S. 15 (1972); *Durkin v. Snow,* No. 74-359 (D.N.H. Dec. 18, 1974) (three-judge court). On the record before

us and the arguments of counsel, there is no indication that the ballot law commission has exceeded its powers under the statute (RSA ch. 68), or failed to conscientiously afford all candidates a fair opportunity to be fully heard in a manner consistent with due process. The ballot law commission has ordered a certificate of election to be issued to Candidate Wyman from which order Candidate Durkin has filed an appeal to the Senate of the United States. RSA 68:11.

The Senate of the United States under article I, section 5 of the Constitution of the United States, like our own senate under part II, article 35 of the New Hampshire constitution, is vested with the power to judge the election and qualifications of its own members including the complaints which are the subject matter of these proceedings. *Barry v. United States,* 279 U.S. 597 (1928); *Petition of Dondero,* 94 N.H. 236, 51 A.2d 39 (1947); RSA 68:11; RSA ch. 67.

The petition in Hillsborough County Superior Court bases its jurisdictional claim upon the last section of RSA 68:4 II. That section after vesting exclusive jurisdiction in the ballot law commission states that "nothing contained in this paragraph shall be construed to bar any person from recourse to the superior court on other questions, within the jurisdiction of such court, relating to the legality or regularity of biennial elections or the results thereof." However this language relates only to matters which are "within the jurisdiction of such court." Certain statutes give the courts jurisdiction in elections matters, *e.g.,* RSA 64:6 and RSA 68:11. The latter statute however specifically excludes cases of "contested elections for the offices of United States senator, representatives in congress, state senator or representative to the general court in view of the constitutional provisions vesting in both houses of congress and both houses of the general court exclusive jurisdiction over the elections and qualifications of their respective members."

Traditionally our courts have not taken jurisdiction over disputes involving elections to legislative bodies either state or federal. We find no statutory authority under RSA 68:4 II or any other jurisdictional statute or any binding precedent which gives the superior court jurisdiction to invalidate an election to the Senate of the United States.

The answer to question 1 is therefore "No" and it is unnecessary to answer the remaining questions transferred.

*Remanded.*