(No. 49201.—)

SAMUEL H. YOUNG, Appellant, v. ABNER J. MIKVA, Appellee.

*Opinion filed May 20, 1977.*

MORAN, J., took no part.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Perry L. Fuller and William G. Swindal, of counsel), for appellant.

John C. Tucker and Jerome H. Torshen (Jenner & Block and Jerome H. Torshen, Ltd., both of Chicago, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

The results of the official canvas of votes cast at the November 2, 1976, election for Representative in Congress in the Tenth Congressional District of Illinois indicated Abner Mikva to be the winning candidate. His opponent, Samuel Young, filed in the circuit court of Cook County a "Petition for Recount," which was subsequently dismissed on the motion of respondent Mikva. We allowed petitioner Young's motion for direct appeal pursuant to our Rule 302(b) (58 Ill. 2d R. 302(b)).

The proclamation of the results of the canvas show respondent as having received 106,804 votes and petitioner 106,603 votes. Following certification of respondent as having been elected, petitioner sought and, on December 6 and 7, obtained a discovery recount of 132 precincts pursuant to section 22—9.1 of the Election Code (Ill. Rev. Stat. 1975, ch. 46, par. 22—9.1). On December 16 he initiated this proceeding, alleging that errors, irregularities,

fraud and mistakes occurred in the conduct of the election, and praying for, *inter alia*, a complete and accurate recount in 101 specified election precincts and districts, permission to examine all ballot cards, voter applications, voter affidavits, voter registration binders, spoiled, duplicate and defective ballots, and all other election materials in those precincts and districts, an annulment of the election for Representative in Congress for the Tenth District of Illinois, and a declaration that he had been duly and lawfully elected to that office. On December 20, petitioner filed a notice of his intention to contest the election of the member from the 10th District of Illinois with the United States House of Representatives pursuant to the Federal Contested Elections Act. 2 U.S.C. sec. 381 *et seq.* (1970).

In allowing the motion to dismiss, the circuit court held that there is no provision in Illinois law for contesting elections to the office of Representative in Congress and that the court cannot assume jurisdiction after such election has been certified. The court further ruled that dismissal was required pursuant to section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(c)) because petitioner's pending election contest in Congress constitutes "another action pending between the same parties for the same cause" within the meaning of that section. Since we agree that our statutory provisions for contesting elections do not apply to congressional elections, we need consider no other issue.

Petitioner predicates his argument that States may provide for congressional election contests upon article I, section 4, of the United States Constitution, which states in pertinent part, "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators." He argues that recounts and elections are merely part of

the electoral process under this provision and are vital if we are to secure the fair expression of the popular will which is necessary in maintaining the integrity of our political system. (*Zahray v. Emricson* (1962), 25 Ill. 2d 121, 123.) He relies upon section 23—19 of the Election Code (Ill. Rev. Stat. 1975, ch. 46, par. 23—19) as the statutory authorization for such congressional election contests. That section states:

> "The election of any person declared elected to any office other than Governor, Lieutenant-Governor, Secretary of State, State Comptroller, Treasurer, Attorney General, Senator or Representative, may be contested by any elector of the state, judicial division, district, county, town or precinct in and for which the person is declared elected."

The right to contest an election was not recognized at common law, and a court has no jurisdiction over such matters unless a statute so provides. (*Fiegenbaum v. McFarlane* (1948), 399 Ill. 367, 370; *Flake v. Pretzel* (1943), 381 Ill. 498, 502.) Article 23 of the Election Code presents a logical, comprehensive scheme for contesting elections. Section 23—1 confers jurisdiction on the legislature, in joint meeting, over contests involving State executive offices. Section 23—2 confers jurisdiction on each house of the legislature over contests involving its members. Sections 23—3 through 23—5 confer jurisdiction on the circuit courts over contests involving judges and various local officers. There are no other specific grants of jurisdiction in the Code. The "all other officers" language, expressed in section 23—5 and its predecessor provisions, has not been construed broadly to include Federal officers. This court has limited that language to "like local officers." (*Baker v. Shinkle* (1911), 249 Ill. 154, 159; *Brush v. Lemma* (1875), 77 Ill. 496, 498.) Thus it is apparent that no express grant of jurisdiction over contests involving Federal offices exists. Following these first five sections in article 23 is a series of provisions identifying those who may initiate a contest and specifying the

procedures to be followed. Sections 23—6 through 23—11 relate to contests of the officers listed in section 23—1. Sections 23—12 through 23—18 relate to contests of State legislative offices pursuant to section 23—2. Finally, sections 23—19 through 23—23 relate to contests of "any office other than" the executive and legislative offices. In our judgment, this clearly refers only to those offices over which the circuit courts have been granted jurisdiction by sections 23—3 through 23—5. The cardinal rule governing statutory construction is that we must give effect to the intention of the legislature as expressed in the statute. (*People v. McCoy* (1976), 63 Ill. 2d 40, 44; *People ex rel. Kucharski v. Adams* (1971), 48 Ill. 2d 540, 543.) The absence from section 23—19 of the express grants to the circuit courts of jurisdiction to hear election contests similar to the grants specified in sections 23—3 through 23—5 makes unmistakable the fact section 23—19 was not intended as a grant of jurisdiction to any court. Rather, this section merely establishes that any elector in the involved area may contest the offices stated. (*Harding v. Albert* (1939), 373 Ill. 94, 98; *Talkington v. Turner* (1874), 71 Ill. 234, 235.) Other articles of the Election Code indicate the legislature expressly included Federal offices where they so intended. (*E.g.,* Ill. Rev. Stat. 1975, ch. 46, pars. 2—2, 2—3, and 22—8.) Although many of the provisions of the Election Code have been in effect over 100 years (Laws of 1871-72, at 380, sec. 94 *et seq.*), petitioner cites no decision permitting an elector or candidate to contest in Illinois courts an election for the office of Representative in Congress (*cf. Keogh v. Horner* (S.D. Ill. 1934), 8 F. Supp. 933). In view of the detailed provisions relating to election contests and identification of the included offices, a conclusion that the legislature intended to include the important Federal offices here involved in the "all other offices" category earlier referred to would, in our judgment, simply not be reasonable. This becomes even more evident when it is considered that

substantial uncertainty prevails as to the extent to which any State may constitutionally intrude into the determination of disputed elections for congressional offices.

Article I, section 5, of the United States Constitution provides that "Each House shall be the Judge of the Elections, Returns and Qualifications of its own Members ***." Because the Constitution gives Congress the exclusive authority to judge the elections of its members, many State courts have construed legislation authorizing election contests to exclude elections for seats in Congress or have simply held that State courts cannot constitutionally entertain such proceedings. (*Rogers v. Barnes* (1970), 172 Colo. 550, 552-53, 474 P.2d 610, 612; *State ex rel. Fleming v. Crawford* (1891), 28 Fla. 441, 479-80, 10 So. 118, 121; *Burchell v. State Board of Election Commissioners* (1934), 252 Ky. 823, 826, 68 S.W.2d 427, 428; *Opinion of the Justices* (1956), 152 Me. 212, 217-18, 142 A.2d 532, 535; *McLeod v. State Board of Canvassers* (1942), 304 Mich. 120, 123-24, 7 N.W.2d 240, 242; *Odegard v. Olson* (1963), 264 Minn. 439, 442, 119 N.W.2d 717, 720; *Wyman v. Durkin* (1975), 115 N.H. 1, 330 A.2d 778; *Laxalt v. Cannon* (1964), 80 Nev. 588, 397 P.2d 466; *Smith v. Polk* (1939), 135 Ohio St. 70, 19 N.E.2d 281; *Britt v. Board of Canvassers* (1916), 172 N.C. 797, 90 S.E. 1005, 1007; *In re Election of United States Senators* (1918), 41 R.I. 209, 218, 103 A. 513, 516; *Sutherland v. Miller* (1917), 79 W. Va. 796, 808, 91 S.E. 993, 998; *State ex rel. Wettengel v. Zimmerman* (1946), 249 Wis. 237, 244, 24 N.W.2d 504, 507.) Petitioner argues that *Roudebush v. Hartke* (1972), 405 U.S. 15, 31 L. Ed. 2d 1, 92 S. Ct. 804, which held that Indiana was not prohibited from recounting votes in an election for the United States Senate, also permits a State to examine election results fully so long as it does not frustrate the Congress' ability to render a final, independent judgment. We believe *Roudebush* inapposite because it involves only an administrative recount. Illinois' discovery recount provision,

section 22—9.1 of the Election Code, which expressly applies to the election of a United States Representative, is not in issue here. In fact, petitioner has already utilized it. Although he entitled his pleadings "Petition for Recount," it is clear from the substantive content of the pleadings, the relief requested, and the arguments advanced on appeal that more was intended. In our judgment, *Roudebush* has not overruled the long-standing rule that Congress has exclusive jurisdiction to determine the election contests of its members.

For these reasons, we conclude that there is no statutory grant of jurisdiction to circuit courts to hear and determine contests of elections of Representatives in Congress.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE MORAN took no part in the consideration or decision of this case.