**MAILO SAOLUAGA NUA, Plaintiff,**

**v.**

**SOLIAI T. FUIMAONO, ELECTION COMMISSIONER,**
**Defendant.**

High Court of American Samoa
Trial Division

CA No. 103-04

April 4, 2005

Before RICHMOND, Associate Justice; and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Robert K. Maez
        For Defendants, Charles V. Ala`ilima

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

### Background

On November 2, 2004, the people of American Samoa went to the polling booths to vote for candidates for the American Samoa House of Representatives. District #1, which encompasses the island of Ta`u, had two open seats. Plaintiff Mailo Saoluaga Nua ("Mailo") and Mapu Puaopea Paopao ("Mapu") were the two candidates with the most votes.

▉ The American Samoa Election Office, by statute, is responsible for administering elections. A.S.C.A § 6.0103.1(a). The Election Office itself is headed by a Chief Election Officer. *Id.* The Chief Election Officer is saddled with the duty of acting as the final certifier of vote counts and election results. A.S.C.A § 6.0805. At the time of the November 2, 2004 election, Defendant Soliai T. Fuimaono was the Chief Election Officer ("CEO").

Mailo claims that on the date of the election, poll-watchers observing the counting of the votes at the respective District #1 polling stations reported that he received a total of 457 votes while Mapu received a total of only 343 votes—making them the two top vote-getters. Mailo further claims that when the CEO later counted and certified the results, Mailo's final tally was still 457, but Paopao's total had increased to 497 votes. Thus, the final tally still showed Mailo and Mapu as the two top vote-getters, but in the reverse order of the count seen by the pole-watchers. Mailo lastly asserts that the CEO refused to order a recount.

However, because District #1 had two open seats, the two candidates with the highest number of votes were allowed to take office. Thus, despite of the fact that the final tally showed Mapu ahead of Mailo in the

vote count, Mailo was also sworn in as a duly elected representative for District #1 because he received the second most number of votes finally and officially recorded in the election. Therefore, the fact that Mailo may have had the highest number of votes during the initial count, but only the second highest number of votes during the final count, did not alter the ultimate conclusion that he was elected to represent District #1 in the House of Representatives.

Despite that fact, on November 9, 2004, Mailo filed a complaint with the Appellate Division,[1] asking the court to issue a writ of mandamus ordering the CEO to conduct an election recount. On November 11, 2004, the Appellate Division issued an order of transfer, holding that the action did not belong in the Appellate Division because under A.S.C.A. § 6.0902 a candidate may only contest an election if correcting the alleged wrong would produce a "difference in the election results." The Appellate Division reasoned that Mailo was not attempting to dispute the final results of the election; he was simply trying to adjust the final vote tally without altering who would take office. Therefore, the court further reasoned, his cause of action was not the type contemplated under A.S.C.A § 6.0902 and the case would more properly be heard in the Trial Division where, under A.S.C.A § 3.0208(a), it is given original jurisdiction over general writ requests.

On December 12, 2004, consistent with the Appellate Division's order, Mailo filed an amended complaint in the Trial Division. Then, on January 10, 2005, the CEO filed a motion for summary judgment, claiming that the Trial Division also does not have jurisdiction over the claim, that Mailo does not have standing because no harm has occurred, and that Mailo's issue is now moot. On February 18, 2005, we conducted a hearing on the motion for summary judgment.

## Discussion

### I. Standard of Review

Summary judgment is appropriate only when the pleadings and supporting papers show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56; *Etimani v. Samoa Packing Co.*, 19 A.S.R.2d 1, 4 (Trial Div. 1991). In ruling on a summary judgment motion, the court must view all pleadings and supporting papers in the light most favorable to the opposing party, treat the opposing party's evidence as true, and draw from such evidence the inferences most favorable to the opposing party.

---

[1] Under A.S.C.A. § 6.0903, the Appellate Division has original jurisdiction over election contests.

*Id.*

## II. Analysis

It is fundamental that a plaintiff must have legal standing before he is allowed to bring his lawsuit into court. *See Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 386 (5th Cir. 2003). The United States Supreme Court has stated that "the irreducible constitutional minimum of standing" includes the principle that each plaintiff must have suffered an "invasion of a legally protected interest . . . ." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Therefore, a plaintiff lacks standing if he suffers an injury that is neither protected by the statutory or common law of a jurisdiction. Such an injury is not protected under the law and therefore a court does not have the jurisdiction to offer redress.

In the present controversy, Mailo arrived at the Trial Division after the Appellate Division held that he did not have a cause of action under American Samoa's election contest statute, A.S.C.A. § 6.0902. Thus, according to the Appellate Division, Mailo is without statutory redress for his allegations of election-day impropriety. We agree with Appellate Division's reasoning discussed above and conclusion.

We further find that Mailo lacks a cause of action under American Samoan common law. Other jurisdictions have held that because election contests were not recognized at traditional common law, they may only be remedied to the extent provided by local statute. *See Young v. Mikva*, 363 N.E.2d 851, 852 (Ill. 1997) ("The right to contest an election was not recognized at common law, and a court has no jurisdiction over such matters unless a statute so provides."); *State ex rel. Lydick v. Brown*, 516 P.2d 239, 240 (Okla. 1973) ("There was no right to recount elections at common law, and the right to recount in Oklahoma is purely statutory."). Therefore, consistent with those other jurisdictions, we hold that in American Samoa, an election contest may only be litigated to the extent provided under A.S.C.A § 6.0902. In other words, there is no common law right in American Samoa to bring an election contest outside of the statutory parameters.

In sum, even if Mailo's allegations are true, he lacks a cause of action under both American Samoan statutory and common law and thus has not suffered "an invasion of a legally protected interest . . . ." *Lujan*, 504 U.S. at 560. In short, Mailo does not have standing and, therefore, summary judgment is appropriate.

## Order

The CEO's motion for summary judgment is granted. Summary judgment shall be entered in the CEO's favor against Mailo. Mailo's complaint is dismissed. It is so ordered.