Per Curiam.

Whether the Constitutional Convention alone has the power to recanvass the election returns for its members in order to resolve a dispute between two contending nominees for the office of delegate and determine which of them received the most votes in the election is the primary issue here presented.[1]
In our view, section 330 of the Election Law validly vests summary jurisdiction in the Supreme Court to order a, recanvass of the absentee and military ballots cast in such an election. It is true that the State Constitution (art. XIX, § 2) makes the Convention the ultimate “judge of the election, returns and qualifications of its members.” However, the New York City Board of Elections has the duty of determining and certifying which candidate received ‘ ‘ the greatest number of votes ’ ’ for the office of delegate to the Constitutional Convention (Election Law, § 276), and no provision in the Constitution deprives the courts of jurisdiction under section 330 to inquire whether the board has properly discharged its duty. Although the Convention is privileged to disregard the certificate issued by the Board of Elections in determining whether a delegate was properly elected and should be seated, this does not in any way vitiate the power of the courts to require that the certificate reflect an accurate tally of the votes cast. (See People ex rel. Brown v. *109 Board of Supervisors, 216 N. Y. 732; cf. Wickersham v. State Elec. Bd., 357 P. 2d 421 [Okla.].)
We find it to be of no significance that, after this proceeding was commenced, the respondent Santangclo was certified by the Board of Elections as the duly elected delegate and that he subsequently took and filed his oath of office. The Supreme Court, once it has acquired jurisdiction over such a matter, may not be deprived of such jurisdiction by the actions of some of the parties. We note that delegates to the Convention are not required to take their oath of office until April, 1967, when that body meets and that section 279 of the Election Law provides for reconvening of the Board of Elections by order of a court of competent jurisdiction to issue a “corrected * * * certificate which # * * shall stand in lieu of the original * * * certificate.”
The order of Special Term should be reversed and the matter remanded for further proceedings in accordance with this opinion. ■
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Bergan, Keating and Breitel concur.
Order of Special Term reversed, without costs, and case remitted to that court for further proceedings in accordance with the opinion herein.

. The threshold question which confronts ns — whether the case, is properly before this court on a direct appeal (N. Y. Const., art. VI, § 3, subd. b, par. [2]; CPLR 5601, subd. [b], par. 2) —'is to be answered in the affirmative. Analysis establishes that the appeal involves solely the validity of section 330 of the Election Law as applied by section 2 of chapter 371 of the Laws of 1965 to the election of delegates to the Convention.