Roger J. Miner, J.
This is an application for an order "preliminarily enjoining the defendant from failing and refusing to count those absentee ballots received by proper election officials in the State of New York after 9:00 p.m. on November 2, 1976, and ordering the defendant to immediately notify all election officials in the State of New York that absentee ballots received by the proper election officials after 9:00 p.m. on November 2,1976 should be counted in vote totals.”
It appears that plaintiff corporation is a New York not-for-profit corporation with a large State-wide membership of college and university students, many of whom vote in New York elections by absentee ballot. The individual plaintiffs are students at the State University of New York at Albany, are members of the plaintiff corporation and applied for absentee ballots prior to the general election held on November 2, 1976.
It is alleged that the individual plaintiffs and numerous other students made timely requests for absentee ballots to various county boards of elections throughout New York State, but either received the ballots too late to be returned in time for election day or did not receive the ballots at all. The plaintiffs contend that qualified voters in the State of New York have been disenfranchised as the result of the foregoing *234 and that the defendant and “election officials throughout the state” are responsible for this situation. The plaintiffs take the position that it is incumbent upon the defendant to “direct” the various boards of elections to preserve and count those ballots arriving subsequent to 9:00 p.m. on November 2, 1976.
The plaintiffs seek relief predicated upon the rejection of absentee ballots (Election Law, § 330, subd 5) and rejection of applications for absentee ballots. (Election Law, § 330, subd 7.) Accordingly, although brought in the form of an action, the plaintiffs’ application must be considered a special proceeding pursuant to section 330 of the Election Law which confers summary jurisdiction upon the Supreme Court as to these matters. (CPLR 103, subd [c].)
Investigations and determinations as to eligibility for absentee ballots must be concluded no later than the seventh day before election; there must be an opportunity for the transmission and return of the ballots in the usual course of mail, allowing “at least one secular day” for ballot marking. (Election Law, § 118, subd 10.) Absentee ballots received after noon on the day before election and before the close of the polls on election day are to be retained or delivered to inspectors of election in the manner prescribed by Subdivision 4-a of section 121 of the Election Law. However, local boards of elections have the sole responsibility for receiving absentee ballot voter applications and forwarding absentee ballots (Election Law, §§ 117-121), and for canvassing absentee ballots. (Election Law, §§ 275-277.) The general powers and duties of defendant New York State Board of Elections do not extend to this area. (Election Law, § 469.) The relief sought by plaintiffs must be pursued against the appropriate local boards of elections. (Cf. Matter of Hudson v Nehill, 25 Misc 2d 1025; Matter of Hailey v Niagara County Bd. of Elections, 31 Misc 2d 650; Matter of Rice v Power, 19 NY2d 106.) The New York State Board of Elections is not a proper party defendant (respondent). In view of the foregoing the motion to dismiss is granted.